(78 South. 84)

ROTHROCK et al. v. ALABAMA GREAT SOUTHERN R. CO.  (7 Div. 891.)

(Supreme Court of Alabama.  Feb. 7, 1918.)

1. RAILROADS &#x25C9;&#x219D;316(4)—CROSSING ACCIDENTS—NEGLIGENT SPEED.

In the absence of ordinance or statute, it is not a breach of the railroad's duty to operate a train at any speed over a grade crossing in a village, unless the operator knows that the use thereof by the public is so frequent that accidents will probably result.

2. RAILROADS &#x25C9;&#x219D;344(5)—CROSSING ACCIDENT—NEGLIGENT SPEED—PLEADING—SUFFICIENCY.

Count of complaint averring negligent operation of train over village grade crossing at speed of 40 miles per hour is demurrable if it fails to allege the facts and circumstances constituting such operation a wrongful act.

3. APPEAL AND ERROR &#x25C9;&#x219D;1040(4)—HARMLESS ERROR.

Error, if any, in sustaining demurrer to count of complaint is harmless, where the matter alleged therein was admissible under another and proper count.

4. PLEADING &#x25C9;&#x219D;8(3) — CONCLUSIONS — NEGLIGENCE.

In action for injuries in crossing accident, plea that the automobile driver was plaintiff's agent and that he failed to stop, look, and listen, before driving across the track, in the space in which he could have stopped, and thereby proximately contributed to the injury, and that, had he done so, he could have seen the approaching train and stopped his automobile and avoided injury, was good as alleging facts.

5. RAILROADS &#x25C9;&#x219D;347(1) — CROSSING ACCIDENT—EVIDENCE—MATERIALITY.

In action for injuries to automobile passenger at railroad grade crossing, evidence that there was another public railroad crossing in the direction from which the train approached was properly excluded as immaterial.

6. EVIDENCE &#x25C9;&#x219D;151(1)—REASONS—SCOPE.

It is not permissible to examine one's own witness as to his reasons for his acts.

7. RAILROADS &#x25C9;&#x219D;328(2)—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE.

Where plaintiff's automobile driver approached a village grade crossing without stopping, looking, or listening, plaintiff could not recover, since if the approach of the train could not be seen or heard, because of obstructions in that direction, before the car reached the right of way, then the driver's duty was to prevent the car from proceeding to a point where the approach of the train could not be observed or noted in time to avoid the danger.

8. RAILROADS &#x25C9;&#x219D;339(1) — CROSSING ACCIDENT—LIABILITY—WANTON INJURY.

In the absence of evidence tending to show that train operatives knew that the crossing was so much used as to make it probable that some one would be in an exposed position, there could be no recovery as for wanton injury when the train struck an automobile on the crossing.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Action by J. H. Rothrock and another against the Alabama Great Southern Railroad Company.  Judgment for defendant, and plaintiffs appeal.  Affirmed.

The third count in averment of negligence is that plaintiff was damaged as a proximate consequence of the negligence of defendant in running said train at an excessive rate of speed, to wit, about 40 miles per hour.  The pleas are as follows:

(3) For further plea to the first and second counts of the complaint defendant says that at the time of the happening of the injuries complained of the said automobile was being driven by one E. H. Rothrock, plaintiff's agent, and that said agent of plaintiff, within the line and scope of his duties as such agent, was guilty of contributory negligence which proximately contributed to the injuries complained of in this: That the said agent of plaintiffs, before driving the said automobile across said track, negligently failed to stop, look, and listen within the space that would have been sufficient to enable him to stop said automobile before going on the track in the event he discovered said train approaching, and thereby proximately contributed to the injuries complained of.

(4) And for further plea on this behalf to the first and second counts of plaintiffs' complaint, defendant says that plaintiff's agent in charge of and driving said automobile at the time of the happening of the injuries complained of was guilty of contributory negligence in the performance of the duties which he owed plaintiffs and within the line and scope of his agency, which proximately contributed to the injuries complained of in this: That before driving said automobile upon said track he negligently failed to stop, look, and listen at a place and in time to have stopped his automobile before going upon said track, when by stopping, looking, and listening he could have seen the approaching train and have stopped his automobile before going upon said track, and thereby have avoided the injury complained of.

E. O. McCord, of Gadsden, for appellants. Goodhue & Brindley, of Gadsden, for appellee.

McCLELLAN, J.  The appellants (plaintiffs) claim damages of the appellee (defend-

ant) resulting from a collision between appellants' automobile, while being driven by their agent, and a train of the appellee. The collision occurred at a public crossing. The issues tendered and actually litigated were those made by a count charging simple negligence and one charging wanton, willful misconduct, a general traverse of these counts and pleas of contributory negligence. The contributory negligence alleged was the failure of the driver of appellants' automobile to "stop, look, and listen" before the machine was brought within the zone of danger from the approaching train.

[1-3] The court correctly sustained the demurrer to the third count of the complaint. Without averring facts and circumstances that would serve to constitute mere speed of operation, over a public crossing in a village, a wrongful act, the count sought to charge that the defendant's operatives were negligent in driving this train, over such a crossing, at a speed of 40 miles per hour. In the absence of ordinance or statute, it is not a breach of duty to operate a train at any speed over such a public crossing unless the operative of the train knows that the use of the crossing by the public is so frequent and so constant as that people or property are likely, probably, in exposed positions at or about the crossing. E. T., V. & G. R. Co. v. Deaver, 79 Ala. 216. But even if this was not true, prejudicial error could not be predicated of this action, since the matter asserted in count 3 was admissible under the broad averments of count 1.

[4] Pleas 3 and 4 were not objectionable. They will be reproduced in the report of the appeal. They aver facts, not conclusions, and are hence free from the main criticism directed against either of them.

[5] The existence of another public railroad crossing in the direction from which the train was approaching the public crossing whereat the collision occurred was immaterial to any issue in the case. Proffered testimony to that effect was excluded without error.

[6] The court did not err in declining to allow one of the plaintiffs to testify how he "came to put that car in the shed," where it was stored after the accident. The question seeking to elicit testimony to that effect was at least susceptible of the interpretation that it called for the reason inspiring the act. This is not permissible on the examination of a party's own witness. The argument in the brief is that the answer would have tended to show an admission or concession of liability on the part of some one authorized to bind the defendant in the premises. We can deduct from the question and the circumstances recited in the bill of exceptions no such conclusion. There is no suggestion of that kind in the record.

[7] The court gave the general affirmative charge for the defendant. This action of the court is to be attributed to the conclusion that the driver of the car was guilty of contributory negligence alleged in the pleas, The application to the undisputed evidence of pertinent pronouncements made in Cen. of Ga. Ry. Co. v. Foshee, 125 Ala. 212, 213, 27 South. 1006, definitions of the duty of a traveler approaching a public road crossing of a railway that have been repeatedly reaffirmed by this court, confirm the correctness of the trial court's action in giving the affirmative charge at defendant's request. It was shown without dispute that this driver did not stop, or attempt to stop, his machine before permitting it to proceed to a point where the approach of the train could be observed and the danger from collision therewith averted. If the approach of the train could not be seen or heard, because of obstructions in that direction, before the car reached the right of way, then the driver's duty was to not permit the car to proceed to a point where the approach of the train could not be observed or noted in time to avoid the danger. L. & N. R. R. Co. v. Williams, 172 Ala. 560, 55 South. 218; Foshee's Case, supra; C. of Ga. v. Barnett, 151 Ala. 410, 44 South. 392.

[8] The wanton count was not supported by the evidence. There was no evidence tending even to show that the operatives of this train knew that this crossing was used with such frequency as to make it probable some one would be in an exposed position about the crossing. M. & O. R. Co. v. Martin, 117 Ala. 367, 23 South. 231.

No error appearing, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.