(80 South. 44)

ATLANTIC COAST LINE R. CO. v. JONES.
(3 Div. 359.)

(Supreme Court of Alabama. June 20, 1918. Rehearing Denied Nov. 14, 1918.)

RAILROADS ⬥327(13)—CROSSINGS—DUTY TO LOOK AND LISTEN.

A person attempting to cross a railroad track on which cars and locomotives are liable to be moving cannot recover for simple negligence, unless he stops and looks in both directions and listens, whether in city or country and whether main line or side track, and regardless of frequency of passing trains.

Mayfield, Gardner, and Thomas, JJ., dissenting.

Certiorari to Court of Appeals.

Action by D. W. Jones against the Atlantic Coast Line Railroad Company. There was a judgment for plaintiff which was affirmed by the Court of Appeals (16 Ala. App. 447, 78 South. 645), and the defendant petitions for certiorari. Writ granted.

The oral charge of the court is as follows:

"If you were out in the country and came across a regular highway, and you came across a railroad track, it would be your duty there to stop, look, and listen to see if you were going to be struck by a train coming along that track— there is a duty. And so it is in towns where the party knows that cars are frequently crossing. If there is a railroad train going up and down, and you are liable to be hit at any time, then it

is your duty to stop, look, and listen. If this street down here had cars frequently shunting back and forth, and the plaintiff knew that there was a danger there, then it would be his duty to stop, look, and listen; but if the track was infrequently used or used just occasionally, and he was not aware of its being a dangerous crossing, then it would not be his duty in every event to stop, look, and listen, but he must use ordinary care approaching the track that an ordinary prudent person must use. In other words, if you knew a railroad track going across one of these streets, and you happen to know that that track has not been used for 40 years, just because there is a track there you are under no duty to stop before you cross the track and look up and down because you know it is a mere track; but, if you know every two or three minutes or seconds there would be a train running up and down, it would be your duty. So, if you find that this was a dangerous crossing which was used by the railroad company in shunting its cars at this place, it would be your duty to stop, look, and listen; but if infrequently used and not a dangerous place, then the duty upon the plaintiff would be to use ordinary care, or the care that a reasonably prudent man would use under the circumstances. Now if you find that this is an infrequently used track, and not a dangerous track or place, and you find that he approached it as an ordinarily prudent person would do under the same circumstances, and used ordinary care, then he would not be guilty of contributory negligence. But if you find that he failed to stop, look, and listen, and it was a dangerous track and frequently used, then he would be guilty of contributory negligence."

John R. Tyson, of Montgomery, for appellant.

Hill, Hill, Whiting & Thomas and W. R. Cooper, all of Montgomery, for appellee.

ANDERSON, C. J. It is well settled by a long line of decisions by this court that a person attempting to cross a railroad track on which cars and locomotives are liable to be moving must stop, look in both directions, and listen before going on the track. Cen. of Ga. v. Barnett, 151 Ala. 407, 44 South. 392; Cen. of Ga. v. Foshee, 125 Ala. 199, 27 South. 1006; L. & N. R. R. Co. v. Calvert, 172 Ala. 597, 55 South. 812; and many cases collected in section 139, vol. 11, Encyclopedic Digest, p. 345.

"That it is the duty of a person approaching the track of a railway for the purpose of crossing it to stop, and to look, and to listen, if need be—that is, if the exercise of the sense of sight does not suffice to fully disclose the situation for approaching trains—and that the omission of this duty, followed by injury in collision with a train, locomotive, or car while attempting thus heedlessly to cross over the track, is as matter of law negligence on the part of the traveler so contributing to the result as to defeat his action, counting on the injury as having been produced by the simple negligence of the railway company or its employés, are propositions of such universal acceptance, of such frequent declaration by this court, and of such obvious soundness, that we shall neither discuss them nor cite authorities in support of them. It is equally clear on principle and authority that this duty must be performed at such time and place with reference to the particular situation in each case as will enable the traveler to accomplish the purpose the law has in view in its imposition upon him. He must stop so near to the track, and his survey by sight and sound must so immediately precede his effort to cross over it, as to preclude the injection of an element of danger from approaching trains into the situation between the time he stopped, looked, and listened and his attempt to proceed across the track. If he stops so far from the railway as that a train which could not be seen from that point could and does reach the crossing by the time he has traversed the intervening distance and gotten on the track, he negligently contributes to the resulting collision and injury. And the same is true if, though he stop at the track, he lingers there after looking and listening, and delays crossing until a train not in sight or hearing when he stopped, looked, and listened has come meantime upon the scene and collides with him when he does attempt to cross." Cen. of Ga. Ry. Co. v. Barnett, 151 Ala. 410, 44 South. 392.

This duty is absolute at any railroad crossing, whether in a city or the country, or whether the track crossed be the main line or a side track, and regardless of the frequency of passing trains, and, if a failure to discharge this duty was the proximate cause of injury, the traveler cannot recover as for simple initial negligence on the part of the railroad. Of course, we have held in a few cases, not that it was not the traveler's duty to stop and to look and listen, but that he might be excused from this duty when he could not have performed same because of his inability to do so, for instance, where his team was running away, but when he can do so it is his absolute duty to observe this salutary rule of self-preservation, regardless of the time or place of crossing or of the schedule or infrequency of passing trains.

So much of the oral charge of the trial court as was excepted to by the appellant both as to the law and by way of illustration is not in accord with the well-established doctrine of this state, and the opinion of the Court of Appeals, Atlantic Coast Line R. Co. v. Jones, 78 South. 645,[1] approving same, evinces a radical departure from this long-established rule and is unsound. Nor does the opinion of the Court of Appeals find support in the cited case of Southern R. R. v. Crenshaw, 136 Ala. 582, 34 South. 913, as this question was not considered or determined in said case, as the point there involved the duty of the defendant and whether or not the plaintiff was a trespasser, and the opinion simply stated that the complaint did not have to negative the plaintiff's fault, as such fault, if it existed, was defensive matter.

The case of L. & N. R. R. v. Williams, 172 Ala. 560, 55 South. 218, is sound in conclusion and result and properly applied the Alabama rule to the plaintiff under the facts hypothesized, but there are a few expressions and quotations from cases in other states that may not be entirely in accord with our own doctrine, and the same is qualified in so far as there may be a conflict. Moreover, it must be observed that every quotation and citation in said case is from or relates to cases in other states and

[1] 16 Ala. App. 447.

that no Alabama case is there cited or quoted.

The writ is awarded, and the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration.

McCLELLAN, SAYRE, and SOMERVILLE, JJ., concur in the opinion and the result.

MAYFIELD, GARDNER, and THOMAS, JJ. (dissenting), do not feel that it is necessary to indorse the foregoing opinion or to disapprove the opinion of the Court of Appeals, as they think that the writ should be denied for the reason that the question upon which the Court of Appeals is reversed was not so reserved or presented as to authorize the reversal of the trial court. The majority not only think that it was so presented, but, even if it was not, the Court of Appeals did not act upon this theory, but unqualifiedly approved the oral charge as excepted to and laid down unsound legal principles in doing so.