(88 South. 24)

PENNSYLVANIA R. CO. v. ALLISON LUMBER CO.   (2 Div. 216.)

(Court of Appeals of Alabama.   Nov. 9, 1920.)

1. APPEAL AND ERROR ⬨➾866(1)—ON APPEAL FROM NONSUIT EARLIER ADVERSE RULINGS CANNOT BE REVIEWED, UNLESS NONSUIT WAS IN CONSEQUENCE THEREOF.

Under Code 1907, § 3017, where plaintiff in consequence of an adverse ruling suffers a nonsuit and appeals, anterior adverse rulings cannot be considered, unless they caused the nonsuit; but, if the nonsuit appears to have been in consequence thereof, an express statement of that fact is unnecessary.

2. APPEAL AND ERROR ⬨➾494—RECORD INSUFFICIENT TO SHOW SUSTAINING OF DEMURRERS SO AS TO WARRANT REVIEW ON APPEAL FROM NONSUIT.

Where the record recited, "Demurrers to complaint sustained, continued," and "Plaintiff granted a nonsuit, with bill of exceptions," the recitals were not such as to show or constitute a judgment either sustaining or overruling the demurrers, and consequently, though the ruling on demurrers superinduced the nonsuit, such ruling cannot under Code 1907, § 3017, be reviewed on appeal from the nonsuit.

3. APPEAL AND ERROR ⬨➾866(1)—ON APPEAL FROM NONSUIT RULINGS ON DEMURRERS HAD MORE THAN SIX MONTHS PREVIOUS CANNOT BE REVIEWED.

Under Acts 1915, p. 711, rulings sustaining demurrers to the complaint cannot be reviewed on appeal from a judgment of nonsuit, where the nonsuit was not taken until six months after the rulings.

Appeal from Circuit Court, Sumter County; R. I. Jones, Judge.

Action by the Pennsylvania Railroad Company against the Allison Lumber Company,

to recover a balance alleged to be due on the shipment of a car of lumber.   Judgment of nonsuit and plaintiff appeals.   Affirmed.

James A. Mitchell, of Livingston, for appellant.

Counsel discusses the action of the court in its ruling on demurrer with citation of authority, but does not discuss the matters treated in the opinion.

Thomas F. Seale, of Livingston, for appellee.

The appeal is not taken within six months from the ruling on demurrers.   Acts 1915, p. 711.   Under the appeal as taken, nothing but that can be considered.   21 Ala. 499; 167 Ala. 117, 52 South. 397; section 3017, Code 1907.

MERRITT, J.   The judge's entries made on the trial docket show in this cause that on June 9, 1919, "Demurrers to complaint sustained, continued," and on October 20, 1919, "Plaintiff granted a nonsuit, with bill of exceptions."

The minute entry as appears from the record recites:

"October 20, 1919.   This being the day set for the trial of this cause, came the plaintiff by its attorney and asks that a nonsuit be taken in this cause, with bill of exceptions.   It is therefore considered by the court, and it is the order and judgment of the court, that a nonsuit be taken in this cause with bill of exceptions, and that the defendant go hence and have and recover of the plaintiff the cost in this behalf expended."

The assignments of error are directed only to the ruling of the court on the demurrers.

[1] Section 3017 of the Code reads as follows:

"If, from any ruling or decision of the court on the trial of a cause, either upon pleadings, admission or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling or decision may be reserved for the decision of the Supreme Court by bill of exceptions or by appeal on the record as in other cases."

Having under consideration this section, Anderson, J., in the case of Engle v. Patterson et al., 167 Ala. 117, 52 South. 397, says:

"This statute was not intended to authorize a plaintiff to escape a final judgment by taking a nonsuit, perhaps on the last ruling, and then review all anterior adverse rulings, but was intended to enable a review upon appeal only the ruling causing the nonsuit"

—and, further, the plaintiff "is confined to the right to assign error only as to the ruling which superinduced the nonsuit."   This case has been upheld in the later cases of

Berlin Machine Works v. Ewart L. Co., 184 Ala. 272, 63 South. 567.

To bring up the ruling of the court on appeal, after a nonsuit under the statute, it must appear that the nonsuit was in consequence of the ruling, but it is, sufficient if the record establishes that fact, though there be no express statement of it. Laster v. Blackwell, 128 Ala. 143, 30 South. 663.

[2] Conceding then, without deciding, that the ruling on demurrers superinduced the nonsuit in this cause, we are confronted with the proposition that the recitals found in this record, relating to demurrers to pleadings, are not such as show or constitute a judgment either sustaining or overruling either of the demurrers; and under the rule established by several decisions of the Supreme Court upon the effect of such recitals the appellant can take nothing by assignment of error based upon them. Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 South. 583; McKissick v. Witz Biedler Co., 120 Ala. 412, 25 South. 21; Tallassee Falls Manufacturing Co. v. Western Railway of Alabama, 128 Ala. 167, 29 South. 203; Wynn v. McCraney, 156 Ala. 630, 46 South. 854; Hall v. First Bank of Crossville, 196 Ala. 630, 72 South. 171.

[3] But if the record recitals were sufficient to constitute a valid judgment on the demurrers, the appellant would still be hopeless. The appeal was from the ruling on demurrers, which was had on June 9, 1919, and was not taken until January 16, 1920, or more than six months after the rendition of judgment. Acts 1915, p. 711.

It therefore follows that the judgment of the trial court must be affirmed.

Affirmed.