## SMITH v. LOUISVILLE & N. R. CO.
### (3 Div. 583.)

(Supreme Court of Alabama.　Nov. 16, 1922.)

**1. Appeal and error ⬅347(2)—Appeal taken 6 months after nonsuit, though more than 2 years after rulings superinducing nonsuit, taken in time.**

Where, after a futile effort has been made to appeal from nonappealable rulings and demurrers, a nonsuit is suffered more than 2 years after the rulings and an appeal perfected under Code 1907, § 3017, within 6 months after such nonsuit, *held* that such appeal was not dismissible as being tardily brought, since the right of appeal is only required to be taken within 6 months after such nonsuit, rather than after the rulings.

**2. Appeal and error ⬅1145—Affirmance on finding that appeal is not properly taken concludes nothing.**

Futile efforts to obtain a review of rulings on demurrer only authorized appellate court to dismiss the appeal, and an affirmance thereof concludes nothing.

**3. Appeal and error ⬅866(1)—Appeal after nonsuit accords review of rulings superinducing nonsuit.**

Appeals under Code 1907, § 3017, after nonsuit accord a review of the rulings or decisions superinducing the nonsuit.

**4. Sales ⬅481—Possessor under conditional sale may sue.**

Possessor of motor truck under conditional sales contract may maintain an action for damages thereto against any one not connected with the legal title, since the possession gives rise to a presumption of ownership which a trespasser or wrongdoer cannot dispute.

**5. Sales ⬅481—Plea denying title held demurrable.**

A plea by defendant in an action for damages to an auto truck, averring that the truck was not the property of plaintiff, but held by him under "written instrument," and that since the commencement of the action it has been repossessed by the owner, *held* demurrable for failure to allege the date of the repossession, or that at the time of commencing the action the vendor was entitled to possession.

**6. Pleading ⬅8(17), 205(2) — Averment of plaintiff's negligence in approaching railroad crossing held sufficient allegation of fact and not subject to general demurrer.**

In an action for damages to plaintiff's truck from a train, a plea, averring negligence on the part of the plaintiff in approaching the track, but containing no averment as to the speed of the approach or the time when it became incumbent upon the plaintiff to stop, look, and listen, *held* a sufficient description of the plaintiff's breach as against a general demurrer, under Code 1907, § 5340, requiring defects in pleadings to be specified, nor was the characterization of the plaintiff's conduct as "negligence" offensive to the rule requiring averments of facts.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Action for damages by J. R. Smith against the Louisville & Nashville Railroad Company. From adverse rulings on the pleading plaintiff takes a nonsuit and appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Defendant's pleas 3, 4, and 5 are as follows:

"(3) That the truck which is alleged to have been damaged by the defendant was being run and operated by one G. M. Williamson, who was then and there the agent and servant of the plaintiff in charge of the said truck. And the defendant avers that the said G. M. Williamson negligently drove the said truck in such close proximity to the railroad track of the defendant before attempting to stop the said truck, and knew at said time, or by exercise of reasonable diligence could have known, that a train was approaching in dangerous proximity; that the weight of said truck drove the said truck upon the track or against the train of the defendant, and the said truck was thereby damaged as a proximate consequence of the negligence of the agent or servant of the plaintiff then in charge of the said truck in driving the said truck to such close proximity of the defendant's railroad track.

"(4) The defendant avers that the plaintiff was operating the truck alleged to have been damaged by the defendant by and through an employee, and intrusted the said truck to such employee at the time it was alleged the said truck was damaged. And the defendant avers that attached to the said truck was a wagon, which greatly increased the weight of the said truck, and at the point where it is alleged the plaintiff's truck was struck and damaged by a train of the defendant, and from the direction from which the said truck was approaching the said track of the defendant, is a hill, which fact was well known to the agent or servant of the plaintiff then operating the said truck; and defendant avers that with the said wagon attached to the said truck the plaintiff's agent or servant negligently drove the said truck to which was attached the said wagon down the said hill, and in such close proximity to the defendant's track, when the said servant knew, or by the exercise of reasonable diligence could have known, that a train was approaching in dangerous proximity; that when the brakes were applied to the said truck by the agent or servant of the plaintiff the increased weight of the said wagon then fastened to the back of the said truck pushed or shoved the said truck upon the said track, and as a proximate consequence of the negligence of the plaintiff's agent the said truck was damaged.

"(5) That the truck alleged to have been damaged by the defendant was not the property of the plaintiff, but, on the contrary, the said truck had been delivered to the plaintiff by one Charles A. Day under a written instrument [exhibited with the plea]; and the defendant avers that since the commencement of

this suit the said Charles A. Day has repossessed himself of the said truck."

Hybart & Hare, of Monroeville, for appellant.

Before there can be an affirmance of a judgment by a court of last resort, there must be a valid judgment, from which an appeal as a matter of law would lie. Code 1907, § 2837; 8 Ala. App. 590, 62 South. 977. The appeal is from the judgment of nonsuit, and not directly from the judgment on demurrer; and the appeal, taken within six months from the judgment of nonsuit, is properly before the court. 21 Ala. 499; Code 1907, § 3017; 56 Ala. 283. A plea of contributory negligence must allege the facts constituting the negligence. 162 Ala. 642, 50 South. 205; 169 Ala. 341, 53 South. 176, Ann. Cas. 1912B, 461; 169 Ala. 181, 53 South. 786; 172 Ala. 505, 55 South. 211; 147 Ala. 702; 104 Ala. 241, 16 South. 75, 53 Am. St. Rep. 39; 139 Ala. 501, 37 South. 166; 168 Ala. 584, 53 South. 305; 170 Ala. 567, 54 South. 184. A person who purchases an article to which the vendor retains title has a cause of action for damages to the property. Code 1907, § 2462; 202 Ala. 599, 81 South. 339; 16 Ala. App. 663, 81 South. 183.

George W. Jones, of Montgomery, and Hamilton, Page & Jones, of Evergreen, for appellee.

Where a nonsuit is taken with a bill of exceptions, under section 3017 of the Code, rulings on demurrers cannot be reviewed on appeal from a judgment of nonsuit, where the nonsuit was not taken until six months after the rulings. 88 South. 24. No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer. 16 Ala. App. 131, 75 South. 722.

## On Motion to Dismiss Appeal.

McCLELLAN, J. [1-3] Action for damages, instituted by appellant against appellee. On October 9, 1919, the court overruled plaintiff's demurrers to pleas 3, 4, and 5. On November 28, 1919, plaintiff undertook, vainly, an appeal to the Court of Appeals from that interlocutory, nonappealable ruling. On June 29, 1920, the Court of Appeals entered an affirmance, after setting aside a just previously, properly entered order of dismissal of the appeal. On November 9, 1921—two years after the mentioned rulings on the demurrers to pleas—a nonsuit was taken by plaintiff because, it is recited, of adverse rulings on the pleading, noting Code, § 3017. The assignments of error are based on those rulings on demurrers to the pleas. The appellee's motion to dismiss the appeal is not well founded. This appeal from the order of nonsuit was taken within the period (6 months) prescribed by law. Two years intervened between the adverse rulings of the plaintiff's (appellant's) demurrer to pleas and the taking of the nonsuit on that account. The statutes do not prescribe the period within which a nonsuit must be taken, except Code, § 5353, has long provided that nonsuits must be taken before the jury retires." In the present instance, the defendant, appellee, appears not to have interposed in the court below any objection to the entry of nonsuit by plaintiff. The futile effort to effect an appeal to the Court of Appeals—the rulings on demurrers being nonappealable—only authorized that court to dismiss the appeal, as was its original order, not to affirm, as was later undertaken to be done by the Court of Appeals. Humbird Lumber Co. v. Morgan, 10 Idaho, 327, 77 Pac. 433. Nothing was concluded by the vain affirmance undertaken to be entered by the appellate court. The view of the Court of Appeals in Pa. R. R. Co. v. Allison (Ala. App.) 88 South. 24, 25,[1] that such appeals are from the order or judgment superinducing the nonsuit, rather than from the order or judgment of nonsuit (Code, § 3017), was erroneous. The right to review accorded by the statute is of the adverse ruling creating the necessity for taking nonsuit, but the period within which appeal must be taken (6 months) commences when the nonsuit is taken.

## On Merits.

This is an action for damages to an auto truck; the impact occurring at a railway street crossing in the town of Evergreen.

The only errors assigned are predicated of the action of the court in overruling appellant's demurrers to defendant's amended, refiled pleas 3, 4, and 5.

Plea 5 averred that since this suit was instituted the plaintiff's vendor in a conditional sale of the auto truck, retaining the title in the vendor, has retaken it, exhibiting the contract of conditional sale with the plea. In presently important substance these were the averments of count 8, added by amendment:

" * * * That on, to wit, March 8, 1918, plaintiff was in possession of a certain auto truck under a contract of purchase and under and by virtue of said contract of purchase was at the said date, and for a long time thereafter, to wit, 18 months, entitled to the use of said truck in his logging and milling business. * * * That on or about said date defendant's servant or agent so negligently operated one of its south-bound trains into the town of Evergreen, Ala., that said train struck and greatly damaged said auto truck then being used by plaintiff in his business as he had a right to use said truck, which said truck was at the time crossing defendant's railroad at a public crossing in said town. And plaintiff alleges that by reason of said negligence of defendant's servants or agents in the operation of said train the said truck was so badly damaged that it was necessary for plaintiff to ex-

[1] 17 Ala. App. 596.

pend, to wit, $800, to have said truck repaired so that he could use the same in his business. And plaintiff further alleges that by reason of said damage to said truck he was deprived of the use of same for, to wit, 40 days, and that the reasonable use or hire of said truck was $10 per day, whereby plaintiff was damaged in the further sum of $400. A true copy of the contract above referred to is attached as an exhibit to plea No. 5, and said exhibit is hereby referred to and made a part hereof as fully as if fully set out herein.".

There was no demurrer to the count.

[4] One in possession of, though without title to, a chattel, may maintain an action for damages for injury thereto against a wrongdoer who is unconnected with the legal title to the chattel; the presumption of ownership attending the possession; and such a trespasser or wrongdoer cannot dispute the ownership so presumed. A. G. S. R. Co. v. Jones, 71 Ala. 487; Syson Timber Co. v. Dickens, 146 Ala. 471, 477, 40 South. 753. According appropriate effect to the doctrine stated, this plaintiff was entitled to maintain his action for damages for defendant's tortious conduct, proximately resulting in injury to the truck, the chattel in plaintiff's possession, with the title to which the plea did not purport to connect defendant. It is not now necessary to define the nature of plea 5, to determine whether its theory was designed to present matter in abatement or in bar of recovery.

[5] The sixth ground of demurrer took the objection that the plea (5) did not aver the date of Day's (conditional vendor's) repossession of the truck. This ground was well founded, though a more apt ground would have been that the plea did not aver that defendant had any right to or title in the truck at the time of the truck's injury. The second ground of the demurrer, pointing to the plea's omission to aver that at the commencement of the suit Day was entitled to the possession, was also well taken. The court erred, to plaintiff's prejudice, in overruling the demurrer to plea 5.

[6] The court did not err in overruling the demurrers to amended, refiled pleas 3 and 4. The statute (Code, § 5340) requires that defects in a pleading be specified. All of the grounds of the demurrers to these pleas were general. The argument is that the averments of negligent approach by the driver of the truck to the public crossing were but conclusions of the pleader, in that it should have been particularly averred at what speed the truck was running in approaching the crossing, as well as what distance from the crossing the plaintiff was when the plaintiff's duty to stop, look, and listen came into existence, or should have been observed in the circumstances set forth in the pleas. The omission of these matters did not render the pleas faulty. The plaintiff's breach of duty in the premises was sufficiently described in the pleas; the characterization of the plaintiff's action or nonaction—as negligent, in the circumstances alleged in the pleas—not being offensive to the rule requiring averments of fact, not conclusion, in the construction of pleas of contributory negligence. The plaintiff's duty was to so stop, look, and listen for trains approaching the crossing, as to effectively serve the purpose of preservative care the duty intends. Rothrock v. A. G. S. Ry. Co., 201 Ala. 308, 78 South. 84. For the error committed in overruling demurrer to plea 5, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur. .