(133 So. 56)

## ALABAMA GREAT SOUTHERN R. CO. v. DURR.

### 6 Div. 844.

Supreme Court of Alabama.

March 19, 1931.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Benton, Bentley & Moore, of Bessemer, for appellee.

FOSTER, J.

Plaintiff in the circuit court obtained a judgment against appellant for an injury to an automobile belonging to plaintiff in a collision with a railroad train at a public street intersection. The only count was for simple primary negligence, and there was no subsequent negligence shown by the evidence. The defendant pleaded the general issue with leave to give in evidence any matter of special defense. There was evidence of primary negligence of defendant. The defense was contributory negligence.

 Plaintiff was driving an open car at night. The train was approaching with headlight burning from plaintiff's right, on a track which was straight for at least half a mile or a mile. There was a storehouse on his right, approaching the track, a distance estimated by plaintiff at 25 to 30 feet, and by plaintiff's witness at 70 feet away from the railroad. Plaintiff's evidence tended to show that, after passing the storehouse and at the "stop" sign near the track he stopped his car and looked in both directions, but did not see the train; that an automobile was approaching opposite him, and its lights blinded him; there were two tracks, and the train was coming on the far track from plaintiff as he approached; that as he reached the track the train came upon them, and they jumped out, but the train caught and demolished the car. After passing the store and when he stopped, there was nothing to obstruct plaintiff's view of the train, nor to deaden its noise as it approached. Defendant requested the affirmative charge. We think it should have been given.

The fixed rule of law in this state, as frequently quoted, is that, as one approaches a railroad track, even at a public street crossing, he is bound, if he reasonably can do so, to "stop so near to the track, and his survey by sight and sound must so immediately precede his effort to cross over it, as to preclude the injection of an element of danger from approaching trains." Central of Ga. Ry. Co. v. Barnett, 151 Ala. 407, 44 So. 392, 394; Atlantic C. L. R. R. Co. v. Jones, 202 Ala. 222, 80 So. 44; Central of Ga. Ry. Co. v. Pope, 221 Ala. 145, 127 So. 835.

He does not perform this duty by stopping sufficiently near to the track and looking and listening, if he fails to see or hear or heed the approach of a train in full view, a short distance away, on a straight track, with headlight burning at night, and making the usual noise of a heavy train at full speed, with nothing to prevent him from doing so. If he did not see or hear or heed the train, there is no other inference to be drawn but that he was negligent in one or another respect. Under such circumstances, this court has correctly held that defendant is due the affirmative charge. Peters v. So. Ry. Co., 135 Ala. 533, 33 So. 332; Southern Ry. Co. v. Irvin, 191 Ala. 622, 68 So. 139.

The fact that there was an automobile approaching plaintiff from the opposite side of the railroad, with a strong headlight, but at right angles to the approach of the train, and that there was a street light at the intersection, and a crowd of people in the street after a meeting in a church situated near by should not cause a different conclusion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.