3 So.2d 21

ATLANTIC COAST LINE R. CO. et al. v. FLOWERS.

3 Div. 344.

Supreme Court of Alabama.

May 29, 1941.

Rehearing Denied June 30, 1941.

448

A. H. Arrington, of Montgomery, W. L. Lee and Alto V. Lee, III, both of Dothan, and Evans Hinson, of Montgomery, for appellants.

Hill, Hill, Whiting & Rives, of Montgomery, and Jas. F. Giddens, of Troy, for appellee.

.FOSTER, Justice.

Plaintiff's intestate was killed in a collision between a truck, which he was driving, and a train of appellant about 5:40 A. M., November 8, 1939. At that time of the year, this was about the dawn of day. The headlights of both train and truck were on. It occurred at a public road crossing. The train was a fast heavy passenger train running north on a straight track back for about 1500 feet, at a speed of about 50 miles an hour. The truck was proceeding west on a level dirt road. At some 40 or 45 feet east of the railroad the dirt road has an angle, one fork extending north and one southeast. The truck had been parked for the night before on the part of the road extending north. Decedent backed it that morning to the angle, and then toward the southeast fork, to turn west to cross the railroad and of course stopped to make the change in its course. It did not stop again before attempting to cross, but proceeded for about 40 to 45 feet toward and onto the track, and was hit in front by the on-coming train.

The engineer testified that he was looking ahead and blew the station signal. This crossing was a flag stop. It was not a village, town or city, but a public road crossing, near a water mill and gin not used much at that time of day. The engineer testified the station signal was one long blow of the whistle given about 1500 feet away; that he then blew for the crossing, two long blows and a short and a long blow, but did not finish that signal for he then saw the headlight of an automobile approaching and coming toward the crossing, and he immediately changed to a cattle alarm. The automobile, traveling about 4 or 5 miles an hour, and the train was about 250 feet from the crossing, traveling at about 50 miles an hour. That as soon as he saw the headlight of the automobile, he threw on the emergency brakes and shut off speed (steam), and put sand on the rails, and blew the cattle alarm; and that was all that could have been done to stop the train or give an alarm: that the train was making much noise and was equipped with an electric headlight. The track was in a cut with a high embankment on the east, which was about 50 feet from the track: that there was a siding there over which the automobile passed; and south of the dirt road was a loading platform about 3½ feet high with no cover and nothing else to obstruct the view

down toward the approach of the train. No one saw the accident except the engineer.

One of plaintiff's witnesses, who lives near the scene, testified that he heard the roar and rumble of the train and heard the signal of two blows and then the impact of the collision. Another witness testified that the blow of the whistle and the crash were almost simultaneous, one followed the other instantly; that it was blowing what he thought was the crossing signal and went almost immediately into the cattle alarm. While another witness only heard two short whistles and then heard the crash immediately.

Photographs and maps were in the record and show a clear view down toward the on-coming train for a long distance, with no obstructions to such view after passing the embankment. The dirt road was apparently on a level with both tracks.

The action is in two counts for the death of J. C. Holley under the homicide statute. Code 1940, Tit. 7, § 123. Both counts charge simple negligence. This includes subsequent as well as primary negligence.

The plea was in short by consent with leave to give in evidence any special defense, the same as if specially pleaded. The defense not only was a denial of all negligence, but also contributory negligence as to both primary and subsequent negligence claims.

The complaint and plea put in issue the negligence of defendant, primary or subsequent, and the plea included such contributory negligence as was applicable to either. Heffelfinger v. Lane, 239 Ala. 659 (3-4), 196 So. 720.

Under section 9955, Code of 1923, Code 1940, Tit. 48, § 173, the burden was on the railroad to show as a primary duty compliance with section 9952, Code of 1923, Code 1940, Tit. 48, § 170, and that there was no negligence on the part of the company. This section does not place on defendant the burden to prove its want of negligence subsequent to a discovery of the danger of intestate, until plaintiff has proven to the reasonable satisfaction of the jury that defendant after discovery of his perilous situation could by the exercise of due diligence have prevented the injury. Louisville & Nashville R. R. Co. v. Moran, 190 Ala. 108, 121, 66 So. 799(6); Smith v. Louisville & Nashville R. R. Co., 219 Ala. 676(8), 679, 123 So. 57; Johnson v. Louisville & Nashville R. R. Co., 227 Ala. 103(10), 148 So. 822.

The mere approach of intestate toward a railroad at a crossing at a speed of 5 or 6 miles an hour with no indication of the fact that the driver was not aware of the approaching train, it was held does not indicate that he is in position of peril. Bason v. Alabama G. S. R. R. Co., 179 Ala. 299(2), 60 So. 922. But if the traveler gives any indication of inattention or of unconsciousness of his surroundings, it has been said that the trainmen should take immediate action; but not if there is nothing to indicate that he is not possessed of his senses or conscious of his position. Illinois C. R. Co. v. Martin, 213 Ala. 617(4, 5), 105 So. 805; Mobile L. & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837. This is illustrated when one is walking toward a track with his back toward the engine, apparently oblivious of the approach of the engine. Southern Ry. Co. v. Montgomery, 229 Ala. 456, (8), 157 So. 854.

And that unless the contrary is manifest, the trainmen could assume that the automobile driver would do his duty and stop and not attempt to cross in dangerous proximity to the approach of the train. DeBarbeleben v. Western Ry. of Alabama, 227 Ala. 553, 151 So. 56; Southern Ry. Co. v. Miller, 226 Ala. 366, 147 So. 149; Sloss-Sheffield S. & I. Co. v. Peinhardt, 240 Ala. 207, 199 So. 33. But that if the speed of the approaching car and its distance to travel are such as to manifest a probability that it will not stop or it is in apparent existing danger in that respect, the duty of trainmen then begins if by some warning or slackening of speed the collision may be averted. Johnson v. Louisville & Nashville R. R. Co., supra; Id., 240 Ala. 219, 198 So. 350.

■ If the automobile driver did not stop, look and listen before proceeding, his act was a breach of duty which rendered innocuous any primary failure of the trainmen as to giving signals. If he did not stop without going upon the track, if he could have done so after seeing the train and hearing its approach, in dangerous proximity, there was a breach of duty, known as subsequent contributory negligence, which prevents a recovery for any subsequent negligence of the trainmen existing theretofore. If their respective conduct after each discovered the imminence of the danger was so interwoven as to constitute but one unified act, there was no occasion for the principle of last clear chance, and no recovery was available. St. Louis S. W. Ry. Co. v. Simpson, 286 U.S. 346, 52 S.Ct. 520, 76 L.Ed. 1152. Southern Ry. Co. v. Miller, 226 Ala. 366, 147 So. 149; Johnson v. Louisville & Nashville R. R. Co., supra; Southern Ry. Co. v. Melton, 240 Ala. 244, 198 So. 588.

■ The general charges requested by the defendant are hypothesized on the belief by the jury of the evidence.

Appellee does not rely on subsequent negligence to justify the refusal of this charge, so we will not discuss that aspect of the question. A charge so hypothesized, with no peremptory instructions otherwise, is not equivalent to a directed verdict. Owen v. State ex rel. Bailes, 240 Ala. 582, 200 So. 412, and cases cited on page 414.

■ The engineer was not disqualified from testifying under section 7721, Code, Code 1940, Tit. 7, § 433, since the estate of decedent was not interested in the result of the suit, and no such objection was made. Kuykendall v. Edmondson, 205 Ala. 265, 87 So. 882.

■■ And while the credibility of the evidence of the engineer was a question for the jury, and it should be considered in the light of his interest and relation to the transaction, the charge requested is so framed as to leave those matters to the jury, and was not objectionable as withdrawing them from their consideration. The form of the hypothesis, that if the jury believe the evidence, they cannot find for plaintiff under count 1, and another charge, under count 2, is not subject to the criticism aimed at charges hypothesized on the belief of certain features of the evidence.

■ While the court may refuse a charge on account of its form when hypothesized on a belief from the evidence of some fact necessary to be proven to the reasonable satisfaction of the jury (18 Ala. Dig. 755, Trial, ⊕234 [3], pages 763, 767, Trial, ⊕237 [3 and 6]), this principle should not apply to the general affirmative charge, and we do not find a case in which it was done.

■ Another contention is that as decedent approached the track on which the train was moving, he had to and did cross a siding, and that he complied with the "stop, look and listen" law if he did so before he reached the siding, and need not repeat the precaution, citing Cunningham H. Co. v. Louisville & Nashville R. R. Co., 209 Ala. 327(13), 96 So. 358. The circumstances which the Court was there considering have no similarity to those shown in the instant

case. There are some situations illustrated there which are said to make the duty an issue for the jury. We will not now reconsider what is there said arguendo. The question was again considered in Sloss-Sheffield S. & I. Co. v. Willingham, 240 Ala. 294, 199 So. 28. But that case fully recognizes the imperative rule as to a crossing well known to one about to pass over it whose attention is not distracted, as does the companion case of Sloss-Sheffield S. & I. Co. v. Peinhardt, 240 Ala. 207, 199 So. 33.

This decedent was thoroughly familiar with the situation. There was nothing to distract his attention or cause confusion as to the proper course to pursue. If he stopped for the siding and looked and listened, he could and did see the approaching train. Under the circumstances of this case, and in respect to conditions known to him, there was an absolute legal duty on the part of decedent to stop, look and listen for an approaching train at such time and place as would enable him to see or hear its approach in dangerous proximity, and to so conduct himself thereafter as to insure his safety, since there was nothing to distract his attention or cause confusion as to the true nature of the danger, nor other concurrent or conflicting duty resting upon him. Atlantic C. L. R. Co. v. Jones, 202 Ala. 222, 223, 80 So. 44, 45; Johnson v. Louisville & Nashville R. R. Co., 227 Ala. 103, 148 So. 822; Id. 240 Ala. 219, 198 So. 350; Alabama G. S. R. R. Co. v. Durr, 222 Ala. 504, 133 So. 56.

The facts here are different from those in the Peinhardt and Willingham cases, supra, in respect to the very incidents which in one instance takes the issue from the jury and in the other makes it a jury question.

We think that the only reasonable interpretation of the evidence is that it shows that decedent did not stop, except when he made the turn at the road angle 40 or 45 feet from the crossing: that there was no reason to assume that he could not have seen and heard the approaching train and known of its dangerous proximity had he exercised the vigilance required by law. He cannot therefore recover on the primary negligence claim. Southern Ry. Co. v. Hale, 222 Ala. 489, 133 So. 8; Atlantic C. L.R. Co. v. Jackson, 221 Ala. 646, 130 So. 388; Rothrock v. Alabama G. S. R. R. Co., 201 Ala. 308, 78 So. 84.

We have not considered the question of whether there was any primary negligence If there was any at all, it was in the failure to give all the signals required by section 9952, Code. The witnesses all do not agree in detail, some heard and some did not. If this presented a jury question, it was under the scintilla rule. See Southern Ry. Co. v. Melton, 240 Ala. 244, 198 So. 588. The speed was not such as to submit it to the jury as negligence under section 9952, Code. Jackson case, supra; Rothrock case, supra.

There was no situation which justified a verdict on subsequent negligence, and no serious insistence is so made in brief by appellee.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.