103 So.2d 324

**SOUTHERN RAILWAY CO. and John W. Kiser,**

**v.**

**Edward T. HUGHES.**

**6 Div. 66.**

Supreme Court of Alabama.

May 29, 1958.

Harold T. Pounders, Florence, and Jones
& Jones, Birmingham, for appellee.

Cabaniss & Johnston, Leigh M. Clark
and Drayton T. Scott, Birmingham, for ap-
pellants.

420

**LIVINGSTON, Chief Justice.**

The appeal is from a judgment of the Jefferson Circuit Court in favor of the plaintiff for $5,000, and against the Southern Railway Company and John W. Kiser, the engineer operating the train of said company.

On June 29, 1954, the plaintiff, Hughes, was operating his 1940 three-quarter ton Ford pickup truck on River Road in Colbert County, Alabama, at a point where a railroad spur track going into the electrometallurgical plant crosses the highway, and the truck and train collided on the crossing.

Only one count in the complaint was submitted to the jury, and that count specifically charged subsequent negligence on the part of the engineer after observing plaintiff's peril in approaching the railroad crossing. The engineer did not testify, except in response to interrogatories propounded to him by plaintiff.

The evidence seems to indicate that the train was going southward about 5 to 10 or 15 miles per hour and the truck was traveling westward about 35 to 40 or 50 miles per hour when the collision occurred; and that the plaintiff did not stop, look or listen, nor slacken his speed before going onto the crossing; but plaintiff says he was not familiar with the road at that place, not having traveled it for several years.

The pleading by the defendant was in short by consent.

Appellants rely on two basic premises for a reversal of the judgment: first, that there was no subsequent negligence, and, second, that in the event there was, appellants were entitled to have the jury instructed on the subsequent contributory negligence of the plaintiff, which they say the court failed to do. The appellants argue that they were entitled to the general charge, and that the verdict is contrary to the weight of the evidence.

It is insisted that appellants were entitled to the affirmative charge without hypothesis, which was duly requested in several refused written charges.

The issue made was the subsequent negligence of appellants and subsequent contributory negligence of appellee. The law applicable to those issues is well settled by our cases, and there appears to be little or no controversy between counsel in that respect. But we shall restate some of the principles for the purpose of applying them to the facts developed by the evidence.

There seems to be no serious dispute that appellants gave the signals required by law. Sec. 170, Title 48, Code of 1940. The signboard was in place as required by Sec. 172, Title 48, Code of 1940. Appellee was traveling westward on the highway approaching the crossing, and was traveling about 35 to 40 or 50 miles per hour, and did not stop, look and listen as required by law. Johnson v. Louisville and Nashville R. Co., 227 Ala. 103, 109, 148 So. 822; Atlantic Coast Line R. Co. v. Jones, 202

Ala. 222, 80 So. 44. Appellee testified to the effect that he was not familiar with the road and this crossing, and did not observe the signboard nor the train until it was too late to avoid the collision. The engineer, appellant Kiser, saw plaintiff traveling at a speed of 35 to 40 or 50 miles per hour when plaintiff was about a quarter of a mile from the crossing.

In the first place, the burden was on plaintiff to prove subsequent negligence. The burden placed on the railroad by Sec. 173, Title 48, Code of 1940, does not apply to a charge of subsequent negligence. See Atlantic Coast Line R. Co. v. Flowers, 241 Ala. 446, 3 So.2d 21; Atlantic Coast Line R. Co. v. French, 261 Ala. 306, 74 So. 2d 266, and cases therein cited.

The burden is therefore on plaintiff to prove the time when the trainman (Kiser, a defendant) became aware of plaintiff's intention to place himself in immediate danger, and neglected to use the means at hand to prevent a collision; the rule of law being that the engineer could asume that plaintiff would not put himself in the path of the train in the face of obvious danger until the circumstances indicated that plaintiff was not conscious of the immediate danger, or was heedless of it. As here applied, we find that the engineer was backing, so that the engineer was on the side of the engine with an open view of the plaintiff's truck approaching from the east to west, and saw there was no slackening of the speed by plaintiff. From this, the jury could find that the engineer saw and observed the speed of the truck and that plaintiff was unconscious of the approaching danger until it was too late. This, we think, presented a question for the jury of whether the circumstances justified a finding that the engineer was negligent in not acting to avert an accident after he discovered and realized that plaintiff was unconscious of the danger and would probably run into the path of defendant's train, and that such negligence was a proximate contributing cause of the collision.

It was also a question for the jury as to whether plaintiff became aware of the approach of the train and made no attempt to stop or slacken his speed or divert his course in a way which would have averted a collision and was negligent in not so doing. Authorities supra.

The rule as to subsequent negligence is not aided by a presumption that the defendant saw the danger, but the rule requires plaintiff to prove that the trainman did see and realize it in time to have done something within his power which would probably have prevented an accident. This proof may be supplied by circumstantial evidence. Atlantic Coast Line R. Co. v. French, supra; Birmingham Southern R. Co. v. Kendrick, 247 Ala. 573, 25 So.2d 419.

If the plaintiff gave indication of inattention or of unconsciousness of his surroundings, our cases are to the effect that the trainmen should take immediate action, but not if there is nothing to indicate that he is not possessed of his senses or conscious of his danger; and if the speed of the approaching car and its distance to travel are such as to manifest a probability that it will not stop or it is in apparent existing danger in that respect, the duty of the trainmen then begins if by some warning or slackening of speed the collision might be averted. Atlantic Coast Line R. Co. v. Flowers, supra, 241 Ala. at page 451, 3 So.2d at page 24; Johnson v. Louisville and Nashville R. Co., supra, 227 Ala. 103, 148 So. 822; 240 Ala. 219, 198 So. 350.

The engineer observed plaintiff's truck coming down a straight, smooth, hard-surfaced road in the daytime with a clear view, traveling at a speed of 35 to 40 or 50 miles per hour, and did not give any indication of being conscious of danger by a reduction in the speed or otherwise, whereas the train was traveling at the rate of 5, 10 or 15 miles per hour according to the testimony, and did stop before the front end

got entirely across the road, but after the collision occurred.

We think the jury could find that those circumstances showed that the engineer was conscious of the danger to plaintiff and could have stopped his engine and thereby have prevented the collision. We think therefore that appellants were not entitled to have a peremptory instruction to find for defendants.

 The appellants next contend that the jury should have been instructed as to the law of subsequent contributory negligence. But we find in two or three places in the oral charge that the court does assert the principle. If that was not satisfactory, a charge should have been requested to clarify it.

Appellants requested Charge No. 28, which is as follows:

"The court charges the jury that if you are reasonably satisfied from the evidence that plaintiff was aware of the approaching train in time to have prevented the collision, you cannot find a verdict in favor of plaintiff."

We do not think the principle is properly there set forth. There is no hypothesis of negligence by plaintiff after he became aware of the approaching train and the danger ahead; nor that such subsequent negligence was a proximate contributing cause of the collision. These elements are not necessarily involved in the mere awareness of the approaching train. Plaintiff must not only have become aware of the danger, but having become aware of it and its imminence he neglected to stop or slacken his speed or divert his course so as to prevent the collision. Given Charge No. 29 more nearly asserts the principle, and it is as follows:

"The court charges the jury that if you are reasonably satisfied from the evidence that plaintiff was aware of his peril from the approaching train and that thereafter he failed to use all available means to prevent the collision

he was guilty of subsequent contributory negligence."

The motion for a new trial was overruled and appellants assign that ruling as error. The ground of the motion here insisted on is that the verdict is contrary to the great weight of the evidence. We cannot support that contention for well established reasons not necessary to repeat. Therefore, the judgment should be affirmed.

Affirmed.

LAWSON, SIMPSON and MERRILL, JJ., concur.