# Going *v.* Southern Railway Co.

*Injury to Servant.*

(Decided May 13, 1915.  69 South. 73.)

1. *Master and Servant; Injury to Servant; Complaint.*—A count in a complaint alleging that plaintiff was a hand on a repair train and that while he was so engaged, he was struck by a large piece of coal and knocked insensible, and that the cause of his injury was the negligent manner and great rate of speed that the engineer in charge of such train ran such engine, was indefinite and vague, and subject to the demurrer.

2. *Same.*—In an employee's action a count which fails to allege that at the time of his injury plaintiff was acting within the line and scope of his employment, or engaged in the performance of his duty under such employment, is demurrable.

3. *Same.*—Under subdivision 3, section 3910, Code 1907, a count alleging that plaintiff, employed by defendant on a work train, was ordered to move back upon a side track to let a passenger train pass at a high rate of speed, that coal from the engine flew off and struck plaintiff, and that the damages were caused by the negligence of those in charge of the work train in directing plaintiff to be at the place where he was at the time of the injury, was demurrable as not showing that the order given plaintiff was given by a person to whose orders he was bound to conform and did conform.

4. *Same; Issues, Proof and Variance.*—Where the action was for injury to an employee caused by coal falling from the tender of the engine of a train and striking him, and the complaint alleged that the damages received were caused by the negligence of those in charge of the train in running it at a high rate of speed, plaintiff was confined to the negligence specified, and could not recover upon negligence not specified, such as improperly loading the coal in the tender, etc.

5. *Same; Speed of Train.*—In the absence of any circumstances requiring a decrease of the rate of speed at the particular place where the accident occurred, it was not negligence to liability to run a passenger train through the open country at a high rate of speed, where an employee was injured by being struck by a lump of coal falling from the tender of the engine of such train.

6. *Same; Burden of Proof.*—Since no presumption of liability arises from proof of injury alone, the burden rests upon an employee suing for injury of showing negligence in some act, or omission violative of duty.

7. *Same; Proximate Cause.*—The master is not liable to the servant unless its negligence is the proximate cause of his injury; hence, there could be no recovery for injuries caused by a lump of coal falling from a locomotive tender and striking an employee, in the ab-

sence of any showing that the negligent rate of speed alleged was the direct, immediate and efficient cause of the injury.

8. *Same; Res Ipsa Loquitur.*—A fact that a piece of coal fell from the tender of a passing locomotive of a passenger train running through the open country at a high rate of speed, and struck an employee did not make out a case of negligence under the doctrine of res ipsa loquitur.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by John Going by next friend against the Southern Railroad Company for damages for injury while an employee. Judgment for defendant, and plaintiff appeals. Affirmed.

Transferred from Court of Appeals under Acts 1911, p. 449, § 6.

The following is the complaint: Count 1: After stating the relation of the parties, and that on the day of the accident plaintiff was a hand on the repair train of defendant, and that at or near Alta, in Fayette county, while plaintiff was so engaged, he was struck by a large piece of coal near or on the side track, and was knocked insensible (here follows catalogue of injuries): And plaintiff avers that the cause of said injury was for the negligent manner and the great rate of speed that the engineer in charge of said train ran said engine.

The only amendment to count 1 appearing in the record is the striking out of the words "60 miles an hour" (which do not appear therein), and adding in lieu thereof "at a high rate of speed," and by striking therefrom the word "engine," and adding in lieu thereof "the tender of the engine," and by striking out the words "rights of way," and adding in lieu thereof "about 10 or 15 feet from the end of the cross."

The following is count 2: Plaintiff claims of the Southern Railway, a corporation, the sum of * * * damages for that * * * plaintiff was employed by

defendant as a work hand on the work train; and while in the discharge of his duty as a work hand upon the same, and while the said work hand was standing on the train at Alta, and they were ordered to move black upon the side track for the purpose of letting the passengre train pass, the passenger train of defendant passed, running at a high rate of speed, to wit, 60 miles an hour, and the coal of the engine flew off and struck plaintiff, who was 10 or 15 feet from the right of way, * * * to his damage. Plaintiff avers that the damages he received was caused by the negligence of defendant's servants or agents in charge of said train by the rate of speed at which they were running said train.

Count 6: After stating the facts substantially as stated in count 2 (omitting the specific rate of speed and adding that the coal was thrown from the tender of the engine,) it is averred that the damages received were caused by the negligence of defendant's agents or servants in charge of said train by running at such high rate of speed.

Count 7 states the facts as does count 2, and avers that the damages received was caused by the negligence of defendant's agents or servants in charge of the work train by directing plaintiff to be at the place where he was at the time of such injury.

WALTER NESMITH, for appellant.

BANKHEAD & BANKHEAD, for appellee.

GARDNER, J.—Suit by appellant against appellee for recovery of damages for injuries sustained while a member of a ditching or construction crew of the defendant company. The minute entry discloses that the cause proceeded to trial upon counts 2, 3, 4, 5, and 6

of the complaint as amended, but counts 4 and 5 nowhere appear in this record.

(1) Count 1 appears to be very vague and indefinite, and the amendment thereto did not tend to aid it in this respect, and we are of the opinion that the demurrer to said count, as originally framed and as amended, was properly sustained.

(2) Count 6, as originally framed, failed to allege that, at the time of the injury, plaintiff was acting within the line, and scope of his employment, or engaged in the performance of his duties under such employment, and there was no error in sustaining the demurrer to said count.—*Sou. Ry. Co. v. Guyton,* 122 Ala. 240, 25 South. 34; *Ga. Pac. Ry. v. Propst,* 85 Ala. 203, 4 South. 711; *Sou. Ry. v. Bentley,* 1 Ala. App. 359, 56 South. 249. The count, being amended in this particular, was sustained by the court below.

(3) Count 7 purports, as we understand it, to state a cause of action under subdivision 3 of the Employers' Liability Act (section 3910, Code 1907). This count, in addition to being subject to the defect pointed out as to count 6, also fails to aver that the order given plaintiff to be at the place where he was at the time of the said injury was given by a person to whose orders and directions he was bound to conform, and in obedience to which he did conform, and there was no error in sustaining the demurrer to this count.

This disposes of all the assignments of error relating to the question of pleading. As previously stated, the minute entry shows that the cause proceeded to trial upon counts 2, 3, 4, 5, and 6 of the complaint, as amended, and plea 1, was the general issue; but counts 4 and 5 do not here appear. Count 3 was for wanton or intentional injury, and as there is no tendency of proof what-

ever in support of this count, it may be here laid out in view.

(4)   Counts 2 and 6 rely for recovery upon simple negligence and are evidently based upon subdivision 5 of the Employers' Act.  Count 6 concluded (as does, in substance, count 2) by specifying or particularizing the negligence of the defendant alleged as the proximate cause of his injury, as follows: "Plaintiff avers that the damage received was caused by the negligence of defendant's agent or servants in charge of said train by running at such high rate of speed."

It is thus seen that the sole negligence specified is the high rate of speed at which said passenger train was running at the time of the injury.   Under our authorities, when the plaintiff, as here, has specified the particular act of neglignce upon which he relies, he is confined to the negligence specified and cannot recover in such event upon negligence not specified.—*L. & N. R. R. Co. v. Lowe,* 158 Ala. 391, 48 South. 99.   Upon the conclusion of the evidence for the plaintiff, the court below gave the general affirmative charge in writing for the defendant, at its request; and this presents the question of prime importance on this appeal.

(5)   The plaintiff was a hand on a repair train of defendant company, and the crew of which he was a member was engaged in ditching on a right of way of the defendant railroad on the east side of the station, Alta. The repair train was ordered to go upon the side track to let passenger train No. 11 go by.   The repair train was side-tracked for this purpose, and the plaintiff, while his crew was waiting, went from the repair train across the main line and lay down some 10 or 12 feet from the end of the cros-ties.   This he did voluntarily and without any direction to that effect, as we construe the testimony. As the passenger train came by, a piece of coal fell from

the tender of the engine, striking the plaintiff in the face, and causing the injuries enumerated in his testimony. There was evidence that some coal fell from each side of the tender, and that the train was running fast, one witness estimating the speed at 40 miles an hour. There was nothing in the evidence tending to show that there was any occasion at this particular place for the passenger train to run at a decreased speed.

In the case of *N. C. & St. L. Ry. v. Hembree,* 85 Ala. 481, 5 South. 173, the court through Stone, C. J., said: "Railroads are prized for the rapidity with which they transport persons and things. Speed is possibly their highest excellence. Much legislation has been enacted for the regulation of this relatively new species of common carrier, but, with the exception of specified places, no restraint has been imposed on their rate of speed. This has been left to their own arbitrament. Hence it cannot be affirmed that, outside of prohibited places, there is any restriction in the velocity of its movements."

Speaking to the same effect it was said in the case of *Reading, etc, Ry. v. Ritchie,* 102 Pa. 425 (19 A. & E. R. R. Cas. 267:) "The very purpose of locomotion by steam upon railways is the accomplishment of a high rate of speed in the movement of passengers and freight. It is authorized by law, and a railroad company, in propelling its trains at high speed along its tracks in the open country, is simply engaged in the lawful exercise of its franchise. If it is evidence of negligence that a train is run at this rate of speed, it must be because running at a less rate is a legal duty, but there is no such duty established either by statute or decision. While there may, of course, be circumstances which require a diminished speed, it is only the force of those circumstances which creates such a duty."—19 Am. & Eng. R. R. Cases, 273.

See, also, Elliot on Railroads, § 1160, and notes.

As shown by the above authorities, there are circumstances, aside from the question of statute or ordinance, where negligence may be predicated upon the speed of the train, and this, of course, is well understood.—*L. & N. Co. v. Woods*, 105 Ala. 561, 17, South. 41; 3 Elliot on Railroads, supra. But in the instant case there are no facts or circumstances tending to show any duty of the part of those in charge of the passenger train to run it at a diminished speed at this particular point.

(6) In a suit by a servant against a master, there is no presumption of liability from proof of injury alone, but the burden rests upon the servant to show negligence in some act or omission violative of duty. —*L. & N. Co. v. Fitzgerald*, 161 Ala. 397, 49 South. 860. So far as is here disclosed, there was nothing to show that those in charge of the passenger train were under any duty to slacken speed at this point.

In the case of *So. Ry. v. Carter*, 164 Ala. 103, 51 South. 147, this court made use of quotations which we think find applications, as follows: "A much-quoted definition of negligence is that of *Blythe v. Birmingham Waterworks*, 11 Ex. 781, as follows: 'The omission to do something which a reasonable man, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something, which a prudent and reasonable man would not do.' In commenting upon this definition, Mr. Pollock has said: 'Now a reasonable man can be guided only by a reasonable estimate of probabilities.' If men went about to guard themselves against every risk to themselves or others which might by ingenious conjecture be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we

are to look as the standard of duty, will neither reject what he can forecast as probable, nor waste his anxiety on events that are barely possible.—Pollock on Torts, 36."

It must be borne in mind that in the instant case the plaintiff has seen fit to specify the negligence, to wit, the high rate of speed of the passenger train, and under the above-quoted authorities, he is confined to the negligence specified. Clearly, we think, the running at the rate of speed here shown, and under the circumstances disclosed, with no duty appearing to diminish the speed, there can be no reasonable inference that this rate of speed was of itself negligence.

(7) In consideration of this question, it must be borne in mind that the alleged negligence here specified by the pleader must have been the proximate cause of the injury. As was said in *Western Ry. v. Mutch,* 97, Ala. 184, 11 South. 894, 21 L. R. A. 316 Am. St. Rep. 179; "Unless the tort be the proximate cause of the injury complained of, there is no legal accountability."

The following extracts from other works upon the subject are quoted with approval in *Western Ry. v. Mutch, supra;* " 'A proximate cause may be defined as that cause which is a natural and continuous * * * cause, producing the result, complained of, and without which that result would have not occurred. And it is laid down in many cases, and by leading text-writers, that in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it was such as might or ought to have been foreseen in the light of the attending circumstances.' * * * 'To constitute actionable negligence, there must be not only causal connection between

the negligence complained of and the injury suffered, but the injury must be by a natural and unbroken sequence (without intervening, efficient causes,) so that, but for the negligence of the defendant, the injury would not have occurred. It must not only be a cause, but it must be the proximate; that is, the direct and immediate, efficient cause of the injury.' * * * 'The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred.' "

In *Culver v. Ala. Ry.,* 108 Ala. 330, 18 South.827, the negligence relied upon seems to have been the placing of the "scrape" upon a tender improperly loaded with coal; that is, with the "coal piled up too high." Such, also, seems to have been the insistence in *McConnell v. N. Y. C. Ry.* 63 App. Div. 545, 71 N. Y. Supp. 616, where it was said that: "Coal is liable to fall from tenders when trains are running at a high rate of speed, and the mere fact that it did fall on this occasion * * * was no evidence that there was negligence in loading * * * on this particular case."

We do not mean to indicate our approval of all the above quotation, but cite it by way of illustration. We have not such a case before us, and no such negligence is specified. There is nothing indicated in the complaint as specifying the improper loading of the tender or that it was piled too high with coal. The rate of speed alone is specified as the proximate cause of the injury. The rate of speed testified to by the witness for the plaintiff was about 40 miles an hour. It appears, from the record, that this passenger train was running through the open country, and there is nothing to show that the rate of speed was improper or that there was any negligence or violation of duty to any one in running at this

43—192

rate of speed at this particular place. It is nowhere indicated in the complaint that the negligence complained of was the improper loading of the tender with coal, and a running of the train at a too high rate of speed, in view of the improperly loaded tender. There is no such averment in the counts of the complaint here before us for review, but, as stated above, the negligence specified is as to the rate of speed alone. We think it quite clear from the evidence that there is nothing in this record tending to show that the rate of speed of the train, of and by itself, was the proximate cause of the injury; that is, "the direct and immediate and efficient cause" thereof. As there was nothing tending to show that the running of the train at this rate of speed at this place was of itself negligence and in the view of the pleadings as above stated, we are unable to say that the lower court committed a reversible error in giving the charge in question.

(8) The mere fact that some of the coal fell from the tender did not of itself make out a case of negligence, under the circumstances here disclosed, and we find no occasion, therefore, for a consideration of the doctrine of res ipsa loquitur.—*Chamberlain v. So. Ry.*, 149 Ala. 171, 48 South. 703.

It is further insisted that the affirmative charge was justifiable upon the theory that the evidence shows that, at the time of the injury, the plaintiff was not engaged in the service of the master. As the views above expressed justify the action of the court below, it is unnecesary that we express any opinion as to this phase of the case. Many authorities bearing upon this question will be found cited in *L. & N. Co. v. Chamblee*, 171 Ala. 188, 54 South. 681, Ann. Cas. 1913A, 977, and in *So. Ry. v. Bentley*, 1 Ala. App. 359, 56 South. 249.

[Rhodes v. McWilson.]

The above views expressed as to the failure of proof by the plaintiff of the specified negligence as a proximate cause of the injury assumes that the plaintiff was not improperly at the place where he was injured. The question of evidence as to the acquiescense in such action of the person in charge of the repair train is immaterial and needs no consideration here.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ , concur.