(93 South. 394)
**CENTRAL OF GEORGIA RY. CO. v. PORTER. (7 Div. 287.)**

(Supreme Court of Alabama. April 27, 1922.)

**I. Railroads ⬡350(33) — Subsequent negligence as to automobile driver held for jury.**

Subsequent negligence as to the driver of an automobile, struck by cars at a crossing, *held* a question for the jury.

**2. Railroads ⬡330(2) — Failure to observe stop, look, and listen rule held not excused by absence of flagman.**

Where an automobile driver did not see the train because his view was obstructed by the top of his automobile, and did not hear because of the noise of his car, and it was not a fixed custom to have a flagman at the crossing, his failure to observe the stop, look, and listen rule was not excused by the absence of the flagman.

**3. Railroads ⬡351(18)—Instruction as to absence of flagman held erroneous, in view of evidence.**

An instruction that the driver of an automobile struck by cars at a crossing had a right to presume that there was no danger, if he did not see the flagman, *held* erroneous and misleading, in view of the evidence that frequently a flagman was placed at the crossing.

Appeal from Circuit Court, Talladega County; S. W. Tate, Judge.

Action by W. T. Porter against the Central of Georgia Railway Company. Judg-

ment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Nesbit & Sadler and J. M. Gillespy, Jr., all of Birmingham, for appellant.

It is always error to leave a question to the jury in respect of which there is no evidence, and the court erred in refusing to give the general charge as to count B at defendant's request. 202 Ala. 252, 80 South. 90. The court erred in that portion of its oral charge to which exception was reserved (set out in the opinion). 16 Ala. App. 510, 79 South. 271; 168 Ala. 282, 53 South. 182; 150 Ala. 355, 43 South. 566; 153 Ala. 178, 44 South. 1032.

R. Williams, of Sylacauga, for appellee.

The general charge is properly refused, where there is enough evidence to take the case to the jury. The oral charge of the court, when construed as a whole, was not erroneous. 2 Ala. App. 588, 56 South. 817; 69 South. 586; 202 Ala. 674, 81 South. 630; 82 South. 644; 201 Ala. 34, 77 South. 328.

GARDNER, J. Appellee recovered a judgment against the appellant in a suit for damages to his automobile, resulting from a collision of one of the freight trains of appellant railway with his said car at a populous street crossing in the city of Sylacauga. The cause was submitted to the jury upon count A of the complaint, charging wanton or willful injury, and count B rested for recovery upon subsequent negligence. The jury returned a verdict in favor of the plaintiff upon count B, the subsequent negligence count. The freight cars were being backed across this crossing at the time of the collision, and it is conceded that the driver of the car (plaintiff's agent) was guilty of negligence in going upon the track without having first observed the rule of law requiring him to stop, look, and listen.

[1] As to the subsequent negligence count, the defendant insisted that the conductor of the freight train was on top of the rear car, and upon discovering the perilous position of the driver of plaintiff's automobile immediately did all possible to avert the accident, but there was evidence from which the jury could infer that the conductor saw the perilous position of the driver of the car and failed to promptly give the stop signal to the engineer, and that, had this been done, the accident could have been averted. Upon this theory the subsequent negligence count was properly submitted to the jury, and the affirmative charge thereto was therefore correctly refused.

[2, 3] The defendant reserved exception to the following portion of the oral charge of the court:

"Now, when this man came up there at the railroad crossing, was this car still, and had it been the habit of the railroad company to flag before backing, and did Mr. Collins know that. If that was a true state of affairs, then he had the right to presume that there was no danger there, if he did not see the danger there. If he did not see the flagman, as I understand him to mean, or somebody on the back of the train."

The witness Collins, the driver of the automobile, had testified that when the railroad was switching cars over that crossing, they had "some one there flagging the crossing the biggest part of the time," to use the language of the witness; but he further stated that some time they had no one there for that purpose. There was other evidence to the effect that frequently a flagman was placed at the crossing while switching cars, but none to the effect that this was always done.

The portion of the oral charge, above set out, was evidently based upon the theory that the proof in regard to the custom of having a flagman stationed at this crossing was sufficient to bring the case within the influence of the principle announced in A. G. S. R. Co. v. Anderson, 109 Ala. 299, 19 South. 516, and that the absence of the flagman on this occasion served as an invitation to cross the track. The driver of the car testified there was nothing at the crossing to obstruct his view, but that he did not see the cars as his view was obstructed by the top of his automobile, and he did not hear on account of the noise of his own car. He admits that the presence of the flagman at the crossing was not a fixed custom, and the best that can be inferred from his evidence upon this point is that the company most frequently had a flagman there. The driver admits he did not stop his automobile, but that he was running in what is known as high gear at the time he was crossing the track,

That the proof upon this point was insufficient to serve as an excuse for a failure to observe the rule of precaution of stop, look, and listen is fully demonstrated by a consideration of L. & N. R. Co. v. Webb, 90 Ala. 185, 8 South. 518, 11 L. R. A. 674, where the question is elaborately discussed. Numerous authorities, upon the same question are found cited in the more recent case of Birmingham South. Ry. v. Harrison, 203 Ala. 284, 82 South. 534. The instruction was therefore erroneous. It was likewise misleading, for that the jury might be led to infer therefrom that the plaintiff's driver was within his rights in going upon the track without an observance of the rule of precaution above stated, while there was evidence from which the jury could infer that the initial negligence of the driver of the car was in fact the proximate cause of the injury sued for, and therefore a bar to recovery.

Counsel for appellee insist that, even

should this portion of the oral charge be held erroneous, yet in consideration of the entire charge, and the two charges given for the defendant, the error was not of such a character as to call for a reversal of the cause, citing Birmingham Fuel Co. v. Taylor, 202 Ala. 674, 81 South. 630. We have examined the entire oral charge of the court in connection with the two given charges for the defendant, and we are not persuaded the error has been cured or rendered harmless. Indeed, in another portion of the charge we find the same idea reiterated, and we are convinced, after a careful reading of the entire record in connection with the charge of the court, that this instruction to the jury was prejudicial, and probably injuriously affected the substantial rights of the defendant.

For the error indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.