(105 So. 805)

ILLINOIS CENT. R. CO. v. MARTIN.
(6 Div. 442.)

(Supreme Court of Alabama.   Oct. 22, 1925.)

1. Railroads ☞369(3)—Lookout for trespassers required.

Trainmen, in passing a point known by them to be in such continuous use as a passway by pedestrians that some one is likely to be in a position of danger, are required to keep a lookout, and, if obstructions interfere, other precautions should be taken, which duty applies to trespassers.

2. Railroads ☞400(15)—Jury may infer wantonness from running train at high speed without lookout.

To run a train at a high rate of speed at a point known by trainmen to be in continuous use as a passway by pedestrians may evidence such conscious disregard of duty in face of known danger to life that jury may infer wantonness.

3. Railroads ☞400(14)—Issue of wanton injury to trespasser held for jury.

In action for injuries sustained by trespasser when struck by train, issue of wantonness of trainmen in maintaining high speed through place of known danger without keeping a lookout held for jury under evidence that neither engineer nor fireman saw plaintiff on track.

4. Railroads ☞377—Trainmen may assume person will leave track in time.

Discovery of a grown person walking on or dangerously near the track at a safe distance ahead of the engine with nothing to indicate that such person is not in possession of his proper senses imposes no duty to stop train, since trainmen may assume that he will leave track in ample time for his protection.

5. Railroads ☞376(1)—Trainmen seeing pedestrian must give warning.

Where trainmen see a pedestrian in a place of rapidly approaching danger, they are required to keep a watch on his movements, and, if he has his back to train, seemingly unconscious of its approach, their first duty is to give warning.

6. Railroads ☞400(14)—Issue of negligence after discovery of peril held for jury.

In action for injuries sustained by trespasser when struck by train, issue of railroad's negligence after discovery of peril held for jury.

7. Railroads ☞390—Contributory negligence no defense to negligence after discovery of peril.

Contributory negligence of trespassing pedestrian when struck by train will not constitute a defense to railroad's negligence after discovery of peril, unless she became aware of her own present danger, which was the immediate approach of the train, and failed to get off the track; it being immaterial that she went on

track knowing trains were scheduled to pass near that time.

**8. Trial ☞194(1), 253(6), 260(1)—Charges ignoring some phase of evidence or invading jury's province or being covered by given charges are properly refused.**

Charges which ignore some phase of the evidence or invade jury's province or else are covered by given charges are properly refused.

**9. Appeal and error ☞1064(4)—Defendant not injured by action of trial judge in entering upon refused charges his reasons for refusal.**

No injury can result to defendant by action of trial judge in entering upon refused charges his reasons for refusal.

**10. Trial ☞267(3)—Explaining meaning of charge not such qualification as is forbidden by statute.**

That court called special attention of jury to language of a given charge in explanation of its meaning is not such qualification of the charge as is forbidden by statute.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Action for damages for personal injuries by Hettie Martin against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Percy, Benners & Burr and Salem Ford, all of Birmingham, and W. C. Davis, of Jasper, for appellant.

To constitute wantonness, there must be more than a mere error of judgment as the result of doing an act; and to be guilty of subsequent negligence, the operatives of the train must know of the perilous position of the party injured, and thereafter fail to do something a reasonably prudent person would do to avoid the accident. B. R. & E. Co. v. Bowers, 110 Ala. 328, 20 So. 345; Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219; Herring v. L. & N., 195 Ala. 422, 70 So. 749. Where a person attempts to cross or is on a railroad track, the engineer is justified in thinking such person will get off the track, and his failure to stop the train until too late does not amount to wantonness. B. R. & E. Co. v. Bowers, supra; A. G. S. v. Smith, 196 Ala. 77, 71 So. 455. A trespasser on a railroad track is guilty of subsequent contributory negligence, when he is in a position to step aside and fails to do so, or fails to use his senses in discovering danger. Herring v. L. & N., supra; Gahagan v. B. & M., 70 N. H. 441, 50 A. 146, 55 L. R. A. 426. Where the preponderance of evidence is against the verdict of the jury, indicating it was arrived at through passion or prejudice, or ignorance and wrong, it should be set aside on motion. Gassenheimer v. West. Ry., 175 Ala. 319, 57 So. 718, 40 L. R. A. (N. S.) 998; A. G. S. v. Smith, supra.

Gray & Powell, of Jasper, for appellee.

The questions raised by appellant are settled by Nor. Ala. R. Co. v. Guttery, 189 Ala. 604, 66 So. 580.

BOULDIN, J. The suit is to recover damages for personal injuries. The complaint counts upon wanton injury, and upon negligence after discovery of peril.

The plaintiff was admittedly a trespasser, using defendant's tracks as a walkway. Plaintiff's evidence tended to show that the place of the accident, within the corporate limits of the town of Dora, was at the time in such frequent, continuous use as a roadway by persons in such numbers that some person was likely to be in an exposed position upon the track and liable to injury by running trains at that hour at a high rate of speed without due precautions; that this use of the tracks had been so long continued that the trainmen accustomed to operate trains were presumed to know of these conditions. It does not seem to be controverted that the engineer and fireman operating the locomotive which caused the injury were informed of the conditions.

The evidence tended further to show that plaintiff was going in the same direction, with her back toward the approaching train; that for some distance she had walked in a pathway in common use between the main line and sidetrack, then turned diagonally onto the main line in front of the train, had crossed to the outer end of the cross-ties, and taken a few steps thereon when she was struck by the locomotive. The location of the path between the tracks under plaintiff's evidence was so near the main line that a woman walking therein was dangerously near a swiftly passing train. There was evidence that no obstruction prevented the engineer or fireman from seeing the plaintiff a sufficient distance to conserve her safety. The train was the Seminole Limited, a fast passenger train, making no stop at Dora. Plaintiff's evidence was to the effect it was going at the usual speed of fast passenger trains. Evidence for defendant gives the speed at 25 to 30 miles per hour.

Plaintiff testified that she heard no bell or whistle, and had no knowledge of the approach of the train until she felt the concussion of the air as the locomotive came upon her; that she tried to jump from the end of the ties, and was struck in the back on the left side; that another train was on the sidetrack, its bell ringing, and otherwise making noise.

The engineer testified he was in his place keeping a lookout at the time; that the engine was so equipped he could perform his other duties and maintain a lookout; that he did not see plaintiff, and had no knowl-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

edge any one was struck until later so informed; that signals were given for nearby road crossings, and the bell was ringing at the time; that a curve in the road near the point of the accident would obstruct his view; and the fireman could better see the track at that place. The fireman testified he was keeping a lookout; saw no person; and knew nothing of the accident until later. Another witness for defendant testified the fireman was looking ahead. This witness further testified that he saw plaintiff coming up between the tracks; that when she turned onto the main line she was 150 to 200 feet ahead of the engine; that she crossed over the track, and continued alongside the same; that as the engine passed she stepped nearer the track and was struck. It was in the daytime.

[1, 2] One of the precautions or duties imposed upon trainmen in passing a point known by them to be in such continuous use as a passway by pedestrians that some one is likely to be in a position of danger is to keep a lookout. If a curve in the track cuts off a proper lookout by the engineer, the duty devolves upon the fireman. If obstructions interfere, other precautions, such as reducing speed or giving warning signals, should be taken. The duty of keeping a lookout under such conditions applies to trespassers. To run at a high rate of speed through such zone without keeping a lookout may evidence such conscious disregard of duty in the face of known danger to life as that the jury may infer wantonness.

[3-5] Under the evidence above outlined, if the presence of the plaintiff dangerously near or on the track was never discovered by either the engineer or fireman, it became a question for the jury whether a proper lookout was being kept, notwithstanding their testimony. The case was therefore one for the jury upon the issue of wantonness in maintaining a high speed through a place of known danger without keeping a lookout. On the other hand, if such lookout was being kept, the evidence would support an inference that the presence of plaintiff was discovered by one or both the trainmen. This brings to view the question of wanton injury thereafter, as well as that of negligence after discovery of peril. The discovery of a grown person walking on or dangerously near the track at a safe distance ahead of the engine, with nothing to indicate such person is not in the possession of his proper senses, imposes no duty to stop the train. The duty of such person to recognize the right of way of the train and leave the track in ample time for his protection being apparent, the trainmen may rightly assume this will be done. The ease and shortness of time within which the trespasser may leave the track, as compared with the expense and time of stopping a heavy train, and the clear duty to get out of the way of the train, may justify the trainmen in assuming he will do so until it is too late to bring the train to a stop. But it does not follow that the trainmen owe no duty to conserve his safety. Seeing him in a place of rapidly approaching danger requires that a watch be kept on his movements. If he has his back to the train, seemingly unconscious of its approach, the first duty is to give warning. If other noises drown the noise of the train, this duty is the more apparent. The statutory ringing of the bell while passing through a town or village may not be sufficient in such case. To illustrate by the case before us: If the plaintiff was seen walking along and dangerously near the track, and when 200 feet away turned onto the main line, a position of greater danger, giving no sign that she was aware of the train's approach, it was then a matter of five seconds when the engine going at 30 miles per hour would be upon her. She was in a position of peril within the meaning of the law calling for the exercise of all the preventive means at hand to conserve her safety. A sharp blast of the whistle would be at once suggested to the careful man as a means of giving warning of imminent danger, and, if need be, prompt measures taken to stop or lower the speed of the train and give time for her escape. A failure to do either was negligence after discovery of peril. A conscious failure of duty here, with knowledge that it would probably result in injury or death, would constitute wantonness.

[6, 7] Wanton injury and negligence after discovery of peril were both questions for the jury under the evidence, and there was no error in the instructions thereon. Subsequent contributory negligence, as a defense to negligence after discovery of peril, means negligence after the plaintiff became aware of her own present danger, the immediate approach of the train. That she went on the track, knowing that trains were scheduled to pass near that time, does not bring the case within the rule.

The argument stressed by appellant to the effect that one trespassing upon a railroad track is negligent each moment to the time of his injury, and his negligence in continuing thereon is concurrent with that of the trainmen, has been often considered, but never approved by this court. It ignores the basic principle of the doctrine of the last clear chance. The doctrine rests upon the plain duty of a person, operating a powerful and dangerous agency, to avoid, by all the means at hand, an injury to another whom he sees in a position of peril. No fault in being in the place of danger will excuse a failure to perform this duty short of negligence of the injured in failing to conserve his own safety after knowledge of the same present danger.

In support of this and other propositions above stated we need only cite the following

cases: Grauer v. A. G. S. R. R. Co., 209 Ala. 568, 96 So. 915; N. A. Ry. Co. v. Guttery, 189 Ala. 604, 66 So. 580; A. G. S. R. R. Co. v. Sanders, 203 Ala. 57, 82 So. 17; A. G. S. R. R. Co. v. McWhorter, 156 Ala. 269, 47 So. 84; So. Ry. Co. v. Gantt, 210 Ala. 383, 98 So. 192; Snider v. A. G. S. R. R. Co., 210 Ala. 119, 97 So. 209; L. & N. R. R. Co. v. Brown, 121 Ala. 227, 25 So. 609; C. of G. Ry. Co. v. Blackmon, 169 Ala. 304, 53 So. 805; Herring v. L. & N. R. Co., 203 Ala. 136, 82 So. 166; So. Ry. Co. v. Stewart, 179 Ala. 304, 60 So. 927; B. R. L. & P. Co. v. Ætna, etc., Co., 184 Ala. 601, 64 So. 44; So. Ry. Co. v. Forrister, 158 Ala. 477, 48 So. 69; So. Ry. Co. v. Shelton, 136 Ala. 214, 34 So. 194.

[8] What has been said suffices to condemn several charges refused to defendant. We have carefully examined each refused charge, and find them at fault in the statement of the law or in ignoring some phase of the evidence or invasive of the province of the jury, or else covered by the oral charge and given charges for defendant.

[9] No injury can result to defendant by the action of the trial judge in entering upon refused charges his reasons for refusal.

[10] Calling special attention of the jury to the language of a given charge in explanation of its meaning is not such qualification of the charge as is forbidden by statute. Callaway v. Gay, 143 Ala. 524, 39 So. 277; N. A. Ry. Co. v. Guttery, 189 Ala. 605, 66 So. 580.

A careful study of the whole evidence in connection with the issues presented does not convince us the verdict of the jury should be disturbed as unsupported by the evidence or because excessive.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.