147 So. 149

## SOUTHERN RY. CO. v. MILLER.

### 6 Div. 306.

Supreme Court of Alabama.
March 23, 1933.

Taylor & Higgins, of Birmingham, for appellee.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

GARDNER, Justice.

Plaintiff, a resident of the neighborhood and entirely familiar with the crossing, in disregard of the doctrine of "stop, look, and listen," ran his Buick car, at an estimated speed of ten or fifteen miles per hour, into the side of defendant's engine tank, and recovered a judgment for the damages sustained. There were no obstructions to impair his view, but the "visibility was not good," due to cloudy conditions following rain and failure of his windshield wiper to properly function. Manifestly there could be no recovery based upon any initial negligence of defendant. Ala. Great So. Rwy. Co. v. Durr, 222 Ala. 504, 133 So. 56; Central of Georgia Rwy. Co. v. Porter, 207 Ala. 417, 93 So. 394; Hines v. Cooper, 205 Ala. 70, 88 So. 133; Hines v. Champion, 204 Ala. 227, 85 So. 511; Louisville & Nashville R. R. Co. v. Rush, 208 Ala. 516, 94 So. 577; 52 Corpus Juris, 353, 354. "The law thus imposes a continuing duty to see that the way is clear before attempting to cross." Southern Rwy. Co. v. Randle, 221 Ala. 435, 128 So. 894, 897.

Plaintiff insists, however, a case of subsequent negligence is made by the proof, which must rest upon negligent conduct after the discovery of plaintiff's peril. Johnson v. Birmingham R., L. & P. Co., 149 Ala. 529, 43 So. 33.

The argument is that the engineer saw the peril and the signal of the brakeman, Allen, and failed to make proper efforts to avoid the collision. Undisputedly the engine moved only a few feet (five or six) after the impact. This would indicate the engineer heard the alarm of the brakeman and acted promptly. Whether he saw plaintiff previous to this is left to conjecture, as there is no testimony showing where he was looking at the time or indicating when he discovered, if he did so discover, that plaintiff would likely collide.

The case cited by plaintiff (Louisville & Nashville R. R. Co. v. Calvert, 172 Ala. 597, 55 So. 812) was made more explicit as to the facts in Bason v. Ala. Great So. Rwy. Co., 179 Ala. 299, 60 So. 922, 923, and as thus explained is found inapplicable to the facts of this case—a sufficient outline of which appears in the report of the case.

Plaintiff's counsel engage in some calculation to estimate the distance plaintiff's car was from the crossing when the brakeman discovered he was not likely to stop. St. L. & S. W. R. R. Co. v. Simpson, 286 U. S. 346, 52 S. Ct. 520, 521, 76 L. Ed. 1152. But it is plain the argument as to time rests upon a matter of seconds which are conjectural only, and the following observations of the United States Supreme Court in St. L. & S. W. R. R. Co. v. Simpson, supra, find application: "The negligence of the engineer was a continuing one, * * * for he was under a duty from the moment that he went out on the main track to return to a place of safety. The negligence of the conductor in failing to give warning was not separated by any considerable interval from the consequences to be averted, nor is there any satisfactory proof that warning, if given, would have been effective to avert them. The transaction from start to finish must have been a matter of seconds only. * * * Calculations so nice are unavailing to prove anything except the unity of the whole transaction. The several acts of negligence were too closely welded together in time as well as in quality to be viewed as independent." So here the duty of plaintiff to stop, look, and listen was a continuing one, which persisted to the moment of the collision, and under the circumstances shown may be said to correspond with the "primary duty" referred to in Davis v. Sorrell, 213 Ala. 191, 104 So. 397, following the decision in Davis v. Kennedy, 266 U. S. 147, 45 S. Ct. 33, 69 L. Ed. 212. See, also, Louisville & Nashville R. R. Co. v. Jacobson, 218 Ala. 384, 118 So. 565; Seaboard Air Line Rwy. Co. v. Johnson, 217 Ala. 251, 115 So. 168.

As to the duty devolving on the plaintiff to stop, look, and listen, the following from our case of Saxon v. Central of Georgia Rwy. Co., 192 Ala. 434, 68 So. 313, 314, is appropriate: "There was evidence tending to show that as the engine was being backed towards and partly across this public road crossing, in the town of Goodwater, which crossing was in constant use by the public, the whistle on defendant's engine was not blown, nor the bell rung, and this would appear as sufficient (the injury resulting as a proximate consequence thereof) to make out a prima facie case as for simple negligence for submission to the jury. Code, 1907, §§ 5473–5476; Weatherly v. N., C. & St. L. Ry., 166 Ala. 575, 51 So. 959; L. & N. R. R. Co. v. Loyd [186 Ala. 119], 65 So. 153. 'But this negligence, no more than other, does not necessarily make the railroad company liable for all injuries at crossings the result of collisions with its trains. This negligence or failure to comply with the statutory requirements, like all other negligence, in order to render the railroad company liable, must be actionable, and must proximately contribute to the injury complained of. If the injury complained of is the result of plaintiff's negligence, or if his negligence concurred with the simple negligence of defendant's—of failing to comply with the statute or ordinance—in producing the injury complained of, the plaintiff cannot recover. These duties required of railroads at crossings, by statute or ordinance, are no more sacred or binding than are other duties imposed by the common law, which have been announced by the courts and text-writers on the subject, no more sacred or binding on the railroad than are the duties which the com-

mon law of this country has enjoined upon the public in crossing railroad tracks, often declared by the courts, among which is the duty to stop, look, and listen before crossing the track.' Weatherly v. N., C. & St. L. Ry. Co., supra."

Adverting to the alleged negligence of the engineer, the observations of this court in Bason v. Ala. Gr. So. R. R. Co., supra, are applicable: "This was not a case for the jury as to subsequent negligence, as the proof does not show any knowledge on the part of the enginemen of the plaintiff's peril in time to have averted the injury. The undisputed evidence shows that the engineer did not see the automobile; and, while there is proof from which the jury could have inferred that the fireman saw it some time before the collision, there is nothing to indicate that he knew that they could or would not stop until too late to prevent the collision. In other words, there was nothing to indicate that the plaintiff was in peril."

Neither the speed of plaintiff's car nor that of the train can be classed as reckless, and of course in conservation of his own safety those in operation of the train would naturally assume plaintiff would not knowingly endanger himself with a collision. Illinois Central R. Co. v. Martin, 213 Ala. 617, 105 So. 805. Therefore, it is clear enough that it was a matter of a few seconds only from the time he gave indication that he would not stop until the moment of impact, and all of which tend to prove, as said in the Simpson Case, supra, only the "unity of the whole transaction." And it is also clear that upon the attention of the engineer being directed to any peril he acted promptly, and so far as here appears efficiently, as the engine came to a standstill in five or six feet. If anything more could have been done, or if more prompt action should have been taken, it is not made to appear from the proof, and we must conclude that any finding of subsequent negligence must rest upon mere conjecture, an insufficient basis for the foundation of a verdict as has been here often declared. Johnson v. Birmingham R. L. & P. Co., 149 Ala. 529, 43 So. 33; Continental Casualty Co. v. Paul, 209 Ala. 166, 95 So. 814, 30 A. L. R. 802.

As to whether or not the brakeman was on the tank at the time was a disputed issue of fact, though, under the case of Fayet v. St. L. & S. F. R. R. Co., 203 Ala. 3, 81 So. 671, there was no substantial conflict that the bell was rung. But these were matters constituting simple initial negligence only. Bailey v. So. Rwy. Co., 196 Ala. 133, 72 So. 67; Compton v. Western Rwy. of Ala., 215 Ala. 576, 112 So. 148.

Nor could it be said the engine was being run over this crossing, confessedly a populous one, "at a high and dangerous rate of speed" (Bailey v. So. Rwy. Co., supra; Grauer

v. A. G. S. R. R. Co., 209 Ala. 568, 96 So. 915), when its control was such as to bring it to a stop in five or six feet. We are of the opinion there could not be imputed to the engineer, under the proof offered, such a reckless disregard of plaintiff's safety as was "the moral equivalent of an intention on his part to injure" him. Sprinkle v. St. L. & S. F. R. R. Co., 215 Ala. 191, 110 So. 137, 140; So. Rwy. Co. v. Benefield, 172 Ala. 588, 55 So. 252, 35 L. R. A. (N. S.) 420.

We therefore conclude the charge of wantonness is not sustained by the proof. But should it be conceded that the proof as to the speed was sufficient on the charge of wantonness for submission to the jury, there would yet be lacking substantial evidence upon which to base a theory that such "burden is on the plaintiff to show * * * the causal connection between the negligence and the injury. A mere conjecture cannot be submitted to the jury, without evidence." Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90, 92. "Unless the tort be the proximate cause of the injury complained of, there is no legal accountability." Going v. So. Rwy. Co., 192 Ala. 665, 69 So. 73, 75.

Here, the plaintiff's car was never upon defendant's track, and had the speed been something less it is not at all clear the injury would have been avoided. And if negligence in this respect be conceded, it is too remote and could not be said to constitute more than a condition upon which plaintiff's negligence operated to his injury. Reduced to its last analysis, we are persuaded that plaintiff's indifference to his duty in the premises must be held as the sole proximate cause, just as was held by this court in Southern Railway Co. v. Peters, 194 Ala. 94, 69 So. 611, and Alabama Baptist Hospital Board v. Carter (Ala. Sup.) 145 So. 443.[1] For, as said in B. & O. R. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 25, 72 L. Ed. 167, 56 A. L. R. 645, if plaintiff found himself in an emergency, "it was his own fault that he did not reduce his speed earlier or come to a stop."

We have carefully considered the authorities noted by plaintiff in brief (among them, Illinois Central R. Co. v. Martin, 213 Ala. 617, 105 So. 805; Southern Railway v. Jones, 21 Ala. App. 547, 109 So. 894; Ashley v. McMurray, 222 Ala. 32, 130 So. 401; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Louisville & Nashville R. R. Co. v. Calvert, 172 Ala. 597, 55 So. 812), but do not find they lead to a conclusion contrary to that here reached.

The defendant was due the affirmative charge, as requested, as to each count. Let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

[1] Ante, p. 109.