186 So. 457

## ROBERTS v. LOUISVILLE & N. R. CO.

### I Div. 36.

Supreme Court of Alabama.

Jan. 19, 1939.

Rehearing Denied Feb. 16, 1939.

Harry T. Smith & Caffey and Carroll T. Prince, all of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

BOULDIN, Justice.

Action, for personal injuries received by a passenger in an automobile in collision with a railway locomotive at a public street crossing in the City of Mobile.

Many questions are presented by assignments of error, oral arguments, and elaborate briefs. Among them, alleged errors in the oral charge of the court, even as unjudicial in manner and matter, and the result of efforts of defendant's counsel to cure such errors by withdrawal; alleged errors in given and refused charges in writing; and alleged errors in rulings on pleadings, and on evidence.

We deal first with the question, stressed in argument, whether there was a case for the jury. If not, and there was no error, in rulings on pleadings or evidence, injurious to plaintiff as affecting this question, all other errors were harmless.

The collision occurred at the grade-crossing of the main track of the L. & N. Railroad on Elmira Street. This street, unpaved, passes through the railroad yards, where some nine or ten tracks run parallel, and, save for the main track and passing track, were regularly used for storage of cars.

Plaintiff was riding in a coupe, designed as a two-passenger car. Four persons, the plaintiff, her husband and two other men, were riding on the one seat. The husband was driving, the two other men were on the seat to his right, and the plaintiff was seated on the knees of the man on the right. About ten o'clock at night this automobile, moving on Elmira Street, entered the railway yards, passed over the several storage tracks, and came in collision with the locomotive on the main line, the last of the tracks to be crossed. The locomotive was pulling a passenger train. The automobile ran into the side of the locomotive, near to and in front of the cab, some thirty-four feet back from the nose of the pilot.

The complaint counted, among other things, on negligence in the operation of the train at an unlawful speed at the time and place as a proximate cause of the injury.

At that time the City of Mobile had an ordinance fixing the speed limit of trains at eight miles per hour.

■ Admittedly this train was moving approximately twenty miles per hour. This was the regular scheduled speed at this point, long observed in the movement of this train. Such ordinance is expressive of the view of the City Governing Body that the public safety demands the running of trains within the speed limit fixed thereby. When such ordinance is not subject to challenge for illegality, it has the force of law. Hence, the violation thereof is classed as negligence—simple negligence.

The question then arises, whether under the evidence in the particular case there was ground for reasonable inference that this excess speed of the train was a proximate cause of the collision.

■ If the negligence of the driver, not imputable to the passenger, and the negligence of the trainmen in operating at unlawful speed, were concurring proximate causes of the injury, the plaintiff is due to recover, if her own negligence did not intervene as a proximate cause.

■■ While the negligence of the driver was not imputable to the passenger, she cannot recover if it affirmatively appears from the whole case that negligence of defendant was not a proximate cause of the injury. Southern R. Co. et al. v. Lambert, 230 Ala. 162, 160 So. 262, and numerous authorities there cited.

■ Without dispute the automobile ran into the moving locomotive after the latter had entered the crossing and passed more than thirty feet beyond the line of travel, in which the automobile approached. The headlight of the engine was casting a sheen across the street before it reached the crossing. A street light, according to the driver, lit up the scene as the engine came into view. The driver testifies he did not see the engine until the very moment of the impact, when right on the locomotive.

Plaintiff testifies she did not see the locomotive at all, was not looking, had no occasion to, as she was depending on her husband to drive safely. Another occupant of the automobile says he first saw the train when too late to avoid the collision. The

driver knew he was crossing this series of railroad tracks. There was evidence that cars on the storage tracks obstructed the view of the engine as it approached the crossing; but no evidence shows these cars were not clear of the street. Just what tracks they were on and their distance from the street line is in much uncertainty. Such obstruction called for commensurate precautions on the part of the driver. The well known rule of stop, look and listen applied with full force here. This duty was not complied with by stopping, looking and listening before entering upon this series of tracks. It was a continuous duty. Southern R. Co. v. Randle, 221 Ala. 435, 128 So. 894. The negligence of the driver is conceded by appellant, even stressed in arguing the passenger's right to rely on him to drive safely.

■ Appellant argues that the speed of the train was a proximate cause in that, if run within the speed limit, the locomotive would not have been at this crossing at the same moment the automobile arrived at that point. This position is untenable. Such ordinance has no reference to what time a train shall pass a given crossing. There was no more occasion to expect an automobile at this crossing at one moment rather than another. Moreover, supposing a different schedule of speed had been provided and followed, just what moment this train would pass this crossing would be wholly a matter of conjecture.

Very clearly, the test here is whether the excess speed of the train at this time and place was a proximate contributing cause of the collision.

In Southern R. Co. v. Miller, 226 Ala. 366, 147 So. 149, this court considered a well-nigh analogous case. In the Miller Case, the automobile was driven into the tank behind the engine. We held the negligence of the driver the sole proximate cause.

There is a manifest difference between a case of cars standing or moving over a crossing, giving notice of their presence, while the automobile is approaching at such distance that its movements may be readily controlled, and a case of a locomotive dashing at high speed immediately in front of the automobile. In the latter case, the unlawful speed may under the circumstances be considered a proximate cause of the accident whether the automobile is on the track, and hit by the locomotive, or the automobile is so close that it collides with

the side of the engine. A causal connection between the unlawful speed of the locomotive and the collision, is the test.

■ Here, the clear case of driving heedlessly into the passing engine, failure to stop, look and listen at a point where the approach of a train could be readily discovered, must be held, as in the Miller Case, supra, the sole proximate cause.

■ Surely a slow moving train is no more discernible than a fast moving one. If, as disclosed by plaintiff's witnesses, this train was not seen until the automobile was virtually on the track, to say a slow moving one would have been sooner discovered would be pure conjecture. So, also, the evidence furnishes no basis on which to find a collision would not have occurred if the train had been moving within the speed limit.

Any causal connection between the speed and the collision is matter of pure conjecture, not the basis of a verdict.

■ The evidence furnishes no basis for a charge of wantonness on the part of the trainmen. Wantonness, the conscious disregard of known danger, has been so often and so clearly defined that a repetition is useless.

The evidence disclosed no such use of this crossing by the public in large numbers at that hour of the night as to warrant a finding of wantonness in operating this train at twenty miles per hour over this crossing under the conditions shown.

The case of Weatherly v. Nashville, C. & St. L. R. Co., 166 Ala. 575, 51 So. 959, is relied upon as taking this case without the rule so often declared that violation of speed limit ordinances is simple negligence only. The language of that decision, and the illustration given, demonstrates that the court had in mind cases of wantonness as fully defined in the law, whether violation of a speed ordinance was involved or not.

Any negligence in obstructing the view by the storage of cars on tracks in the railway yard, if shown, would merely relate to a condition of which the driver was well aware, and his negligence the proximate cause of the injury.

Our conclusion is, the defendant was due the affirmative charge.

It follows, the question of plaintiff's own contributory negligence under the circumstances as matter of law need not be considered. However erroneous, even un-

judicial the oral charge of the court, or erroneous his rulings on written charges, given or refused, furnish no ground for reversal, in view of our conclusions above stated.

No rulings on pleadings or evidence prevented a full hearing on the issue of negligence and proximate cause.

·Affirmed.

. GARDNER, THOMAS, and FOSTER, JJ., concur.