**ATLANTIC COAST LINE R. CO.**
**v. ROBINS.**

No. 13543.

United States Court of Appeals,
Fifth Circuit.

Nov. 13, 1951.

Rehearing Denied Dec. 10, 1951.

As Amended Dec. 20, 1951.

Peyton D. Bibb, John S. Foster, Birmingham, Ala., for appellant.

Geo. W. Yancey, Maurice F. Bishop, Birmingham, Ala., for appellee.

Before HOLMES and STRUM, Circuit Judges, and KENNAMER, District Judge.

HOLMES, Circuit Judge.

This appeal is by the Atlantic Coast Line Railroad Company from a judgment denying its claim against the appellee for damages to appellant's property (equipment and cargo), which resulted from a collision between appellant's train and a tank tractor-truck owned by the appellee and operated by its employee. The collision occurred on a clear morning at a point where the highway crossed the appellant's main line track in the western part of the city of Birmingham, Alabama. The accident was on the customary route of travel for trucks between the terminal of the Standard Oil Company, where appellee's driver had just loaded the truck, as he had previously done frequently, and the appellee's place of business in Birmingham.

The railroad crossing was clearly visible to a motorist approaching from the south (as was true in this instance) for a distance of 700 feet. The regular railroad stop-sign, cross-arm crossing sign, electric-flasher

red-light crossing signal, and state highway department stop-sign, were all in place and clearly visible to the motorist for at least several hundred feet before reaching the crossing. A motorist, driving in the same direction and in front of appellee's truck, saw the flasher lights flashing, stopped for the crossing, saw no train approaching, proceeded across the tracks, and then saw the train approaching after he had driven about a block beyond the crossing. A motorist driving in the same direction, and following an automobile's length behind appellee's truck, saw the train approaching and stopped before reaching the tracks. Appellee's driver was traveling at a speed of approximately 25 miles per hour on his approach to the crossing, and he never slowed his speed or gave any signal of preparing to stop.

Appellant's train was approaching the crossing from the direction of Birmingham, traveling at a speed of 31 miles per hour, with the whistle and bell sounding a warning for the crossing. Appellee's driver drove the tank tractor-truck into the left side of appellant's diesel engine with such force that the engine was derailed and the steel tracks were bent.

Considering the overwhelming weight of evidence that the appellee's driver did not take any precaution in approaching the crossing, and was heedless of the danger to himself, to the train, and its crew, it is clear that the driver's negligence was the sole proximate cause of the collision and the damages resulting therefrom. Hines v. Cooper, 205 Ala. 70, 88 So. 133; Southern Railway Co. v. Miller, 226 Ala. 366, 147 So. 149; Roberts v. Louisville & Nashville Railroad Co., 237 Ala. 267, 186 So. 457; Sec. 6(b), Title 36, Alabama Code of 1940; Sec. 1317, City Code of the City of Birmingham, Alabama (1944).

The judgment appealed from is reversed, and the cause remanded to the district court with directions to enter judgment for the plaintiff for the amount stipulated, plus such amount of its cargo and freight loss as the plaintiff may have sustained.